## HALE *vs.* WOODS.

The deed of an attorney must be in the name, and purport to be the act and deed of the principal.

Where the grant and covenants of the deed were in the name of the principal, and the attorney executed the deed as follows : " D. K., attorney for Z. K.," it was held to pass the interest of the principal.

WRIT OF ENTRY, to recover a tract of land situated partly in Nashua and partly in Hollis, in the county of Hillsborough.

The demandant gave in evidence, in support of his title, a deed from Daniel King, for himself and Zachariah King, to the demandant. The tenor of the deed is set forth in the opinion of the court, so that it becomes unnecessary to recite it in the case.

Daniel King was duly empowered by Zachariah to execute the deed ; and the only question was, whether the deed was duly executed to pass the interest of Zachariah as well as of Daniel—they being tenants in common of the premises described in the deed.

If it passed the interest of Zachariah, the demandant held the title of one half the demanded premises. If it passed Daniel's right merely, he held the title in only one fourth of the demanded premises.

The court directed the jury, that the title and interest of Zachariah were transferred to the demandant by the deed.

The jury returned a verdict for the demandant, for one half of the demanded premises, and the tenant moved to set the same aside, for misdirection of the court.

*Farley*, for the demandant, cited 7 *N. H. Rep.* 484, *Montgomery* vs. *Dorion ;* 11 *Mass. R.* 97, *Long* vs. *Colburn ;* 1 *Ld. Raym.* 658, *Parker* vs. *Kett ;* 3 *Cruise Dig.* 112 ; *Bac. Ab., Grant F.*

*Atherton*, for the tenant, cited 5 *N. H. Rep.* 459, *Cofran* vs. *Cochran ;* 7 *Mass. R.* 14, *Fowler* vs. *Shearer ;* 16 *Ditto* 42, *Elwell* vs. *Shaw ;* 9 *Co.* 76, *Combe's case ;* 2 *Ld. Raym.* 1418, *Frontin* vs. *Cuyler ;* 6 *D. & E.* 176, *White* vs. *Small.*

UPHAM, J. The deed of an attorney, to be valid, must be in the name, and purport to be the act and deed of the principal. 7 *Mass. R.* 14, *Fowler* vs. *Shearer ;* 16 *Ditto* 42, *Elwell* vs. *Shaw ;* 1 *Greenl. R.* 231, *Stinchfield* vs. *Little ; Ditto* 339, *Elwell* vs. *Shaw ;* 5 *N. H. Rep.* 459, *Cofran* vs. *Cochran ;* 7 *N. H. Rep.* 484, *Montgomery* vs. *Dorion.* But whether such is the purport of an instrument must be determined from its general tenor, and not from any particular clause. Such construction must be given in this as well as in other questions arising on conveyances, as shall make every part of the instrument operative as far as possible ; and where the intention of the parties can be discovered, such intention should be carried into effect, if it can be done consistently with the rules of law. 16 *Johns.* 172, *Jackson* vs. *Blodgett ;* 1 *Mass. R.* 219, *Bridge* vs. *Wellington ;* 9 *Ditto* 514, *Davis* vs. *Hayden ;* 17 *Ditto* 289, *Hatch* vs. *Dwight.*

The deed which is under consideration in this case is executed by Daniel King, for himself and for Zachariah King, a joint owner of the land. The terms of the conveyance are : " I, Daniel King, as well for myself as attorney for Zachariah King, doth for myself and the said Zachariah, re-

mise, release, and forever quitclaim the premises described in the deed, together with all the estate, right, title, interest, use, property, claim and demand whatsoever, of me, the said Daniel and said Zachariah, which we now have, or heretofore had at any time, in said premises. And we, the said Daniel and Zachariah, do hereby, for ourselves, our heirs and executors, covenant that the premises are free of all incumbrance, and that the grantee may quietly enjoy the same without any claim or hindrance from us, or any one claiming under us, or either of us. In witness whereof we, the said Daniel for himself, and as attorney aforesaid, have hereunto set our hands and seals," &c. Signed Daniel King ; and also " Daniel King, attorney for Zachariah King, being duly authorized as appears of record," with seals affixed to each signature.

The covenants in this case in the deed are clearly the covenants of the principal ; and we think, from the terms used, the grant purports to be the act of the principal. The grant is for said Daniel and Zachariah, of all the interest which *we* now have or have heretofore had in the premises. If these terms, together with the covenants, purport a conveyance of the interest of the principal, the execution of the deed would seem to be sufficient to effect the intent of the instrument.

In *Wilkes* vs. *Back*, 2 *East* 142, the court say : " There is no particular form of words required to be used, provided the act be in the name of the principal ; for where is the difference between signing I. B., by M. W. his attorney, (which must be admitted to be good,) and M. W. for I. B. In either case the act of sealing and delivery is done in the name of the principal, and by his authority. Whether the attorney put his name first or last, cannot affect the validity of the act done." 2 *Stark. Ev.* 477, 605 ; see, also, 7 *N. H. Rep.* 484, *Montgomery* vs. *Dorion*, where the principle of the case of *Wilkes* vs. *Back* is fully sustained.

We are of opinion that the deed as executed passed the title both of Daniel and Zachariah King. The plaintiff is, therefore, entitled to recover one half the demanded premises ; and judgment will be entered on the verdict for that amount.