The opinion of the Court was afterwards delivered by
Parsons, C. J.
The first count is on a promissory note, dated August 7th, 1805, by which the defendant promised to pay to the plaintiff 200 dollars on demand. The defendant at the trial objected the want of a consideration. The judge was of opinion that a sufficient consideration was proved, and so instructed the jury, who found their verdict accordingly. To this direction the defendant excepted, and the validity of this exception is .now to be [ * 19 ] considered. *(Here the chief justice recapitulated the evidence from the report of the judge, who sat at the trial.)
At common law, the deed of a married woman is not merely voidable, but is absolutely void ; and she may plead generally non est factum. But the husband may make his wife his attorney; and as his attorney she may execute a deed in his name, and may put his seal to it; and may, before a magistrate, acknowledge it to be her husband’s deed. And he shall be bound by it as effectually as y a deed executed personally by himself. And if the deed in this ^ose be the husband’s deed, a freehold estate, in the land described in it, passed to the defendant; which is a sufficient consideration for the note.
But we are satisfied that it is not the deed of the husband. If an attorney has authority to convey lands, he must do it in the name of the principal. The conveyance must be the act of the principal, and not of the attorney; otherwise the conveyance is void. And it is not enough for the attorney, in the form of the conveyance, to declare that he does it as attorney; for he being in the place of the principal, it must be the act and deed of the principal, done and executed by the attorney in his name.
In the instrument given in evidence, the attorney states that, as well for herself as attorney for her husband, she makes the conveyance ; but the covenants are in her own name, and she sets her own hand and seal. It, therefore, does not purport to be her husband’s deed, but her own. And if the deed be not his, no estate of his passed by it.
However, if the deed be not void, so that any estate or interest of the wife’s passed by it to the defendant, or he had any remedy on the covenants, the execution of it by the wife may be a sufficient consideration for the note to her husband.
Although, as has been remarked, the deed of a married woman s, ipso facto, void by the common law of England; yet there are *17 cases, founded on immemorial usage in this state, where a wife may bind herself by her own deed, which she cannot avoid.
*As estates have never in this state been conveyed by [ * 20 ] fine, in which the wife might be examined, and by her consent be barred by the fine; an ordinance of the colony of Massachusetts Bay, passed in 1641, secured the wife her dower, unless she had barred herself by her act or consent, signified in writing, under her hand, and acknowledged before some magistrate As that ordinance expired with the first charter, the provincial legislature, by the statute of 9 Will. 3, c. 7, saved to the widow of any vendor, or mortgagor, her dower, who did not legally join with her husband in the sale or mortgage, or otherwise bar or exclude herself from her dower. When, therefore, the widow is not barred by a jointure, and does not join with her husband in the sale, she shall have her dower. The usual mode, by which a wife is joined, is by introducing her, in the close of the deed, as expressly relinquishing all claim to dower in the premises sold, and by her executing the deed with her husband. And it has been sometimes done by her separate deed, subsequent to her husband’s sale, in which the sale is recited as a consideration, on which she relinquishes her claim to dower. The deed of a feme covert, thus executed to bar her claim to dower, is not voidable, but will bind her as to such claim, (a)
It has also been an immemorial usage in the sale of the wife’s lands, that a deed of conveyance, executed by husband and wife, acknowledged and registered, shall pass the wife’s lands, not only as to her husband, but as to her and her heirs. This usage was originally founded in necessity; as it was often convenient for families to alienate the wife’s land, and as a conveyance by fine was here unknown.
The late Judge Trowbridge, who was an excellent common lawyer, and of whose friendly assistance, in my early professional studies, I cherish the most grateful remembrance, attempted to derive or support this usage from the first section of the statute of Will. 3, before referred to, which authorized any person, having right to convey, to convey by deed executed, acknowledged, and registered. Now a feme * covert might lawfully convey [ * 21 ] by joining with her husband in a fine, and therefore she might convey by joining with him in a deed.
One objection to this reasoning is, that according to the practical construction of the statute it proves too much. For tenant in tail can convey by common recovery; yet it was never supposed that, *18 under this statute, he could convey so as to bar his issue, or those in remainder or reversion.
The celebrated Mr. Reed, the first lawyer in his time, resolved this usage into New England common law.
But whatever was the origin of the usage, it has prevailed without interruption beyond the memory of man; and it cannot now be disallowed, without shaking very many of the existing titles to real estate; and it must now be considered as the law of the land-If, therefore, the wife will voluntarily join with her husband in executing a conveyance of her land, she is bound by her deed, so fai as it operates to pass her estate, (a)
She may be influenced or persuaded by her husband to execute the deed with him, knowing its effect as an alienation; but she may not know the nature or effect of the covenants contained in it. And to hold her liable on the covenants cannot be necessary to the conveyance, nor beneficial to her family; but may be greatly to her prejudice. The usage, therefore, has never extended to make her liable to an action on the covenants in the deed, further than they may operate by way of estoppel.
Neither has the usage ever extended to authorize her to convey any interest she has in lands, without her husband’s joining in the deed of conveyance. Such an authority' would be useless; for while her husband and she remained seised in her right, her deed, if it were not void, would pass no right or interest, unless by affecting her husband’s rights, which she cannot lawfully do without his consent. And his consent must be manifested by his joining in the deed, either personally or by attorney. But her deed is [ * 22 ] ipso facto *void at common law, and is not supported by any usage. Therefore, no estate, right or interest, passed by it, and all the covenants contained in it are void.
If these positions are correct, and are applicable to the deed executed by the plaintiff’s wife to the defendant, the inevitable conclusion is, that nothing passed by that deed to the defendant, and that he can have no benefit from any covenant contained in it.
What, then, is the consideration for the note declared on ? Some consideration there must be, or it will be void as a nudum pactum, as between the parties. The only consideration pretended is this deed, executed by the plaintiff’s wife to the defendant. A consideration, to be’ sufficient, must be either a benefit to one party or a damage to the other. The defendant could derive no benefit from this deed. Nothing could pass to him by virtue of it; and he *19 can never derive any advantage from any covenant contained in it. The plaintiff has suffered no damage by the deed. Neither he nor his wife has lost any thing by it. Neither is she answerable on any of her covenants, as the deed is, ipso facto, void. I do not, therefore, see any consideration sufficient to support this promise; and I am satisfied that the direction of the judge, on this point, was incorrect. If the defendant had paid the consideration money, and brought his action to recover back the money, as paid by mistake, a different question would have arisen, involving different considerations. But as this question is not before us, we give no opinion respecting it.
The sixth count is an indebitatus assumpsit for money had and received. The plaintiff, to make out his case, proved that owing a Mr. Hamilton about 25 dollars on a promissory note, the promisee had placed it for collection, or suit, in the hands of the defendant, then an attorney of the Common Pleas; that, after the writ was served, the plaintiff paid to the defendant, who then held the note, 20 dollars in part; that the defendant did not endorse this payment, but prosecuted the suit and recovered judgment for * the sum due on the note, without discounting the pay- [ * 23 ] ment, which judgment remains in full force. The plaintiff, therefore, insists that the money being paid in trust, that it should be endorsed on the note; for this breach of trust he is entitled to recover it back.
The defence is, that the defendant, soon after the payment was made, paid the money over to his client, before the commencement of this action, and before his client recovered judgment against the plaintiff; that receiving the money as agent, and paying it over, he is not answerable.
The jury, however, agreeably to the judge’s direction, found a verdict for the plaintiff; and against this direction, as erroneous in law, the defendant excepts.
It is a general rule, that when a man receives money as agent and pays it over to his principal, he is not afterwards answerable to the payor, if the money should have been paid by mistake, or if the principal should have no right to retain it. In such case the action should be brought against the principal.
But this rule ought not to avail the defendant in this case. The money was not paid by mistake; and Hamilton had a right, when he received it, to retain it, as it was then due.
When the defendant received the note, to collect or put in suit, as an attorney of the Court, he is not to be considered as a mere agent to receive the money; but also as having authority to discharge the plaintiff. When this money was paid to him, it was on *20 the trust that he would discharge the plaintiff, either by endorsing it, or by crediting it when he entered judgment; and it cannot be presumed that, notwithstanding this payment to the plaintiff’s attorney in that suit, the defendant was expected to retain counsel, and call on the present defendant, as a witness, to prove this partial payment. When the defendant proceeded, and took judgment witnout deducting the payment, he was guilty of a breach of the trust reposed in him by the plaintiff; and for this breach he ought to refund the money to the plaintiff.
[ * 24 ] * Indeed, the plaintiff has no other remedy. He can not reverse Hamilton's judgment; and an action does not lie against him for an error in assessing the damages. We are, therefore, satisfied that the direction of the judge was right, and that this malpractice and oppressive conduct of the defendant precludes him from all claim to a new trial on account of this direction. It may be supposed that the defendant, when he took judgment, was induced to suppress this payment, because then his judgment being for a less sum than £4, he might recover as costs no more than a fourth part of the amount of the damages, pursuant to the statute of 1786, c. 52, § 3. But the same section authorizes full costs, when, in the opinion of the court, the plaintiff had a reasonable expectation of recovering a larger sum. And in that case, when the action was commenced, the plaintiff had not only a reasonable expectation, but a legal ground to recover a greater sum However that might be, the defendant ought not to have received of the plaintiff, in this case, the payment, unless he had intended to let him have the benefit of it when judgment should be entered. (a)
Were we disposed to question the judge’s direction, it would be on another ground. He directed the jury to calculate interest on this payment from the date of the plaintiff’s writ. But as Hamilton’s judgment against the plaintiff carries interest, we think the jury might legally have calculated interest on the payment, from the time it was made to the time of the verdict.
We have given an opinion that the direction, respecting the first count, was erroneous. The clear intent of the parties was, that the defendant should have the land described in the deed of the plaintiff’s wife; and that intent was not legally executed, through the inattention or ignorance of the scrivener. If, however, the plaintiff and his wife will make a good title to the defendant in fee, as justice will then be done to both parties, agreeably to their con *21 tract, we shall be against disturbing the verdict; otherwise the defendant is entitled to a new trial.
* After the opinion of the Court was delivered, the [ * 25 ] counsel for the defendant moved that he might be allowed his costs on those counts which had been decided in his favor.
But the Court overruled the motion, observing that this had never been practised. In this case the plaintiff must be considered the prevailing party.

 [Quœre, and see Powell and Wife vs. The Monson and Brimfield Manufacturing Company, 3 Mason, 347.—Ed.]

 [Stearns vs. Swift, 8 Pick. 532. — Leavitt vs. Lamprey, 13 Pick 382. — Ed.)

 [Rowe vs. Smith, 16 Mass. Rep. 306.— Sed vide Loring vs. Mansfield, 17 Mass Rep. 394. — Ed.]