## Case No. 9,005.

### MANCHESTER v. HOUGH et al.

[5 Mason, 67.] [1]

Circuit Court, D. Rhode Island.    June Term, 1828.

REAL PROPERTY — MARRIED WOMAN'S ESTATE — DEED—ACKNOWLEDGMENT—RHODE ISLAND STATUTE OF CONVEYANCES.

1. By the statute of Rhode Island respecting conveyances of real estate, no deed of the wife's estate by the husband and wife, conveys any title but that of the husband, unless the same deed be duly acknowledged by the wife, before a magistrate, in the manner prescribed by the statute.

2. By the customary and ancient law of Rhode Island, a feme covert may pass her estate by a deed, in which her husband is joined, which is duly executed and acknowledged.

Ejectment for certain lands in Providence. Plea, the general issue. The town of Providence, under whom the defendants [John B. Hough and others] claimed, took upon themselves the defence. The facts, as they appeared at the trial, were as follows:—On the 30th of September, 1797, Isaac Manchester (since deceased) and Mary Manchester, his wife (the present plaintiff,) were seized in fee simple, in her right, of the demanded premises. On the same day, they conveyed, by their deed of that date, to Samuel Nightingale, the treasurer of the town of Providence, for the use of the town, one portion of the lands in controversy, to hold to him and his successors in the office forever. This deed was, on the same day, acknowledged by the grantors to be their voluntary deed, before G. T., a justice of peace of the same town. On the 4th of May, 1799, the said Isaac and Mary made a conveyance by deed of that date, of the residue of the demanded premises to the same treasurer, in like manner for the use of the town of Providence; which deed was acknowledged in the same manner. At the time of executing the first deed, there was no statute in Rhode Island authorizing a feme covert to convey her lands by deed,

joining her husband therein. The question was, whether the deed of 1797 operated as a legal conveyance of the wife's estate. The acknowledgment of the deed of 1799 was admitted not to be according to the provisions of the statute of Rhode Island of 1798 on this subject.

[The town of Providence filed a bill in equity against the plaintiff to enjoin proceedings in this suit, and for general relief against the plaintiff's assertion of title. The bill was dismissed.   Case No. 11,450.]

Richmond & Crapo, for plaintiff.
Bridgham & Searle, for defendants.

STORY, Circuit Justice. This case depends upon the validity of the conveyances made of the wife's estate by herself and her late husband, by the deeds of 1797 and 1799. It is admitted, that the latter deed cannot bind the wife according to the statute of Rhode Island of 1798, § 7 (Dig. 1798, p. 267), because she has not been examined privily and apart from her husband, and made an acknowledgment, that the deed was her voluntary act, and that she did not wish to retract the same, before the magistrate taking the acknowledgment. Without a compliance with these requisites, the statute declares, that the deed shall not operate to convey any greater estate in the premises, than what belongs to the husband. The validity of the other conveyance in 1797 turns upon the question, whether, by the common or customary law of Rhode Island, a feme covert can convey her real estate by deed, her husband joining in the deed. It is not denied, that this was in Rhode Island the usual mode of conveying her estate antecedently to the statute of 1798; and that it had prevailed without objection and without question for a great length of time; and that this is the first time, in which it has been judicially brought into controversy. Conveyances by fine or common recovery of the estates of femes covert may have sometimes been resorted to by very cautious persons; but the general practice in Rhode Island has been, as I have stated. Many titles have passed, and many titles are now held exclusively under such conveyances. And to shake their validity would at this period be productive of incalculable mischiefs. If there ever was a case, in which the doctrine might be fairly applied, that communis error facit jus, the present is that case. In truth, from an early period in the history of New England, the right of a feme covert to convey her real estate by deed with the assent of her husband was recognized, and has been constantly enforced by courts of law. It now constitutes a part of the common law of New England. See Fowler v. Shearer, 7 Mass. 14; Dudley v. Sumner, 5 Mass. 463; Colcord v. Swan, 7 Mass. 291. It probably originated in the necessities of the country at an early period of its settlement, when fines and recoveries were little known;

or if known, courts were rarely held, and understood little of the proper mode of proceeding. The same necessity has produced a similar result in other parts of the Union. See Lessee of Lloyd v. Taylor, 1 Dall. [1 U. S.] 17; Davy v. Turner, Id. 11. The act of 1798 can be justly considered in no other light, than as a legislative sanction and recognition of the right and the practice. My opinion accordingly is, that the deed of 1797 is sufficient to pass the estate of the feme covert to the premises described therein.

Verdict accordingly.