Wilde J.
delivered the opinion of the Court. On the^e pleadings two questions arise. The first is, whether the de mandant is entitled to recover as to the quarter of an acre, part and parcel of the premises described in the writ. And as to this, we are of opinion that the plea in bar, if it was intended as such, is not well pleaded. It is not alleged, according to the established form of pleading, that the demandant ought not to maintain her action as to this part of the premises ; but on the contrary, her right to be endowed therein is expressly admitted. If in that part of the plea which follows, it was intended to set out and allege an assignment of dower to the demandant, it is manifestly repugnant to the admission before made ; and is inconsistent with the conclusion of the plea, which prays that the increased value and improvements, made by the tenant after the alienation of the estate by the husband, may be inquired of in such manner as the Court shall consider. The only consistent manner in which the plea can be understood, is to construe it as admitting the demandant’s right to recover her dower according to the value of the land at the time of the alienation, but denying her claim to be endowed of the tenant’s improvements. And to this extent, and no further, we think the demandant is entitled to judgment on these pleadings.[1]
As to the residue of the land demanded, we think the demandant’s claim to dower therein is barred by her deed of re lease, as set forth in the replication.
It is no valid objection to the operation of this deed, on the part of the wife, that her husband had no right or title to the land at the time of its execution. To render the transfer of *553 an estate effectual and complete, it is not essential that the sale by the husband, and the relinquishment of dower by the wife, should be made by the same deed, or at the same time, although this is the usual mode of conveyancing. But if after a sale by the husband, or after his estate has been taken on exe cution, the wife will voluntarily relinquish her claim to dower by a separate deed, L s.i. effectually bar her dower. Fowler v. Shearer, 7 Mass. R. 14.I
Nor is it any objection, that the deed of the wife, as in the present case, is a mere release, containing no words of grant; for it operates by way of estoppel, and not by way of grant; so that the form of the deed is not material. We are there fore of opinion, on the whole matter, that the plea as to the quarter of an acre, and the replication as to the residue, are both insufficient; and that the demandant is entitled to her dower in the small piece of land, only according to its value at the time it was alienated by the husband.

 See Powell v. Monson Brimf. Manuf. Co. 3 Mason, 370; Waters v. Gouch, 6 J. J. Marshall, (Ken.) 591; 10 Wendell, 480; 4 Kent, (3d ed.) 64 et seq.; cases cited in 1 Hilliard’s Abr. 72, 73.

 See Shaw v. Russ, 14 Maine R. (2 Shepley,) 432; Powell v. Monson B. Manuf. Co. 3 Mason, 347; Rowe v. Hamilton, 3 Greenleaf, 63; Revised Stat. c. 60, 5 7; 1 Hilliard’s Abr. 79, 80.