## LUCY SHAW *vs.* HENRY RUSS.

As the law was when *Maine* became an independent State, a *feme covert* could not bar her right of dower by any release, made during the *coverture*, in which her husband did not join.

*Lucy Shaw* demanded dower in a tract of land of which her husband was seised during the coverture, and which he conveyed to one *Hibbard,* under whom the tenant claims, *Nov.* 16, 1816.

She did not join in this conveyance; but *Jan.* 9, 1817, she gave a deed of release in which her husband did not join, " in consideration of one hundred and fifty dollars paid her husband," to said *Hibbard*, of her claim to dower in the same premises. The parties agreed, that if the evidence was admissible, the tenant could prove, that when the husband of the demandant conveyed to *Hibbard*, he kept back $150 of the purchase money because the demandant would not release her dower, and paid it on the delivery of her release. If the demandant was dowable, commissioners were to be appointed to assign the dower.

*May*, for the demandant, contended, that the deed of a married woman was entirely void; and that a release of her right of dower in land previously conveyed by him, was no exception to the rule. The husband and wife must join in the conveyance to bar her claim to dower. *Powell* v. *Monson & Brim. M. Co.*, 3 *Mason*, 347; *Jackson on Real Actions*, 326; 2 *Kent's Com.* 152; *Stinson* v. *Sumner*, 9 *Mass. R.* 143; *Andrews* v. *Hooper*, 13 *Mass. R.* 472. The cases of *Fowler* v. *Shearer*, 7 *Mass. R.* 14, and *Rowe* v. *Hamilton*, 3 *Greenl.* 63, must be understood with the limitation, that if the wife convey by separate deed, the husband must join. The consideration, too, must be the same. In this case it is different. So says the deed, and the tenant is estopped to deny it. *Steele* v. *Adams*, 1 *Greenl.* 1; *Ex parte Thomes*, 3 *Greenl.* 50. The mere parol assent of the husband to the deed of his wife, will not make it good. *Osgood* v. *Breed*, 12 *Mass. R.* 525. The release in this case bears date before the separation, and about the same time, as that mentioned in 3 *Mason*, 347, and must be governed by the laws of *Massachusetts*. *Blanchard* v. *Russell*, 13 *Mass. R.* 1; *King* v. *Dedham Bank*, 15 *Mass. R.* 447; *Foster* v. *Essex Bank*, 16 *Mass. R.* 245; 2 *Greenl.* 275. These cases show, that if our statute does give the power contended for by the tenant, it can make no difference in this case.

*H. Belcher*, for the tenant, contended, that the wife can release her claim to dower by a separate deed, referring to her husband's, without his signing with her. This has been considered the law ever since 1810, and such has been the practice. In this case, the deed is to the grantee of the demandant's husband, and refers to

that deed, and is part of the same contract. The husband had already by his deed of warranty given his assent that his wife should complete the title. The case of *Fowler v. Shearer*, 7 *Mass. R.* 14, before the separation, and *Rowe v. Hamilton*, 3 *Greenl.* 63, since, are conclusive in favor of the defendant.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J. — The instrument, upon which the defendant relies, to bar the demandant of her dower, was executed in 1817 ; whether therefore it is to have this effect or not, will depend upon the laws of *Massachusetts* at that time.

By an ordinance of the colonial government in 1641, *Anc. Charters*, 99, a widôw was to be endowed, who had not been provided for by way of jointure, notwithstanding any thing done or suffered by the husband, otherwise than by some act or consent of the wife, signified by writing under her hand, and acknowledged before some magistrate, or others authorized thereunto. Whether this was done by joining with the husband, or whether it might be done subsequently, by a separate instrument, does not appear.

The late Chief Justice *Parsons*, in the case of *Fowler v. Shearer*, 7 *Mass. R.* 14, says, that this ordinance having expired with the first charter, it was provided by the provincial legislature, by *statute*, 9 *Will.* 3, *ch.* 7, that the widow should have her dower in land sold or mortgaged, who had not joined with her husband in such sale or mortgage. And by the statute, directing the mode of transferring real estates by deed, *statute* of 1783, *ch.* 37, dower is saved to the widow, unless she had joined with her husband in the conveyance. In the case before cited, the Chief Justice states, " that the usual mode by which a wife is joined, is by introducing her in the close of the deed, as expressly relinquishing all claim to dower in the premises sold, and by her executing the deed with her husband. And it has been sometimes done by her separate deed, subsequent to her husband's sale, in which the sale is recited as a consideration, on which she relinquishes her claim to dower. The deed of a *feme covert*, thus executed to bar her claim to dower, is not voidable, but will bind her as to such claim."

He points out the modes, in which the deed of the wife, joining with her husband, may be effectual for the relinquishment of dower.

This he says may be done, by uniting in the original conveyance, or subsequently by her separate deed. It may deserve consideration, whether by her separate deed, he is to be understood to mean any thing more, than an instrument separate and distinct from the original conveyance, without repeating, that she thus joined with her husband in executing such separate deed; as he was professedly stating in what manner the joining with her husband, authorized by statute, was executed. The *dictum,* in the connection in which it stands, is not altogether free from obscurity.

But if by her separate deed, he means an instrument, in which her husband does not join, which, but for what precedes, may be the more obvious construction, it does not appear to us to be warranted by the provincial statute, to which he adverts, or by that of the Commonwealth, which is substantially to the same effect. The deed of a *feme covert* is, by the common law, absolutely void. Her deed, relinquishing her dower, when she joins with her husband, is an exception authorized by statute. Another exception, established by long uniform usage is, where she unites with her husband, in conveying by deed any interest whatever, which she may have in real estate. And the validity of this usage, has been repeatedly recognized by direct judicial decisions. But that a *feme covert* may relinquish her right of dower, by her separate deed, has never been directly decided in *Massachusetts* or in this State. As to a usage to this effect, we are not aware that an instance has been presented to the consideration of the Court there; and this is the first attempt of the kind, which has come to our knowledge here. The ground upon which it is entitled to be recognized as an exception to the well settled principle of the common law, is in our judgment altogether too feeble to be sustained. In *Stearns* v. *Swift,* 8 *Pick.* 532, where the case of *Fowler* v. *Shearer,* is adverted to, the husband joined with the wife in a separate deed, relinquishing her dower.

In *Powell et ux.* v. *The Monson & Brimfield Man. Co.,* 3 *Mason,* 347, *Story J.* repudiates the dictum of Chief Justice *Parsons,* and insists, that if it is to be regarded as law, it is to be adopted with the limitation therein expressed, namely, that in the separate deed of the *feme covert,* the sale made by her husband, must be recited as a consideration, on which she relinquishes her claim to

dower. The point decided in *Rowe* v. *Hamilton*, 3 *Greenl.* 63, was, that a *feme covert* cannot bar her right of dower, by any release made to the husband during the coverture. And *Mellen C. J.* understands, that from the opinion in *Fowler* v. *Shearer*, she may release her dower, by her separate deed to the grantee of her husband, when made " in consideration of the husband's conveyance." The instrument, upon which the tenant relies, has no such consideration, but one altogether distinct and independent; so that it is not sustained by the case of *Fowler* v. *Shearer*.

In our opinion, the instrument purporting to be the deed of the demandant to the tenant, while she was a *feme covert*, is void at law; and that she is, notwithstanding, dowable in the demanded premises. How far, since the date of that instrument, the law has been changed by our own statute, we are not called upon to determine.