Grimke, J.,
delivered the opinion of the court:
The question arising in this case is a new one; but as there are-no new principles of law it may not be difficult of solution. At-3=the time the deed was executed, the statute of January, 1818, was in force. That act prescribes two modes by which a married woman might release her right of dower; one by joining'in the-conveyance made by her husband; the other by joining in a power of attorney to convey. 'The conveyance to the bank appears to be illegal, because it does not pursue either of these provisions-singly; but if it is a combination of both, it will not, on- that account, be less firm and obligatory; on the contrary, the statute will. *78 be as faithfully complied with as it would have been in the former case, as every statute, at the same time that it professes to ordain .a new rule, contains also a recognition of a great variety of old ones, by the assistance of which we are alone able to understand and interpret it; it becomes necessary to look both in and out of the statute whenever any controversy arises demanding a construction ■of it. A conveyance by a man, by attorney, is itself the creature of the common law ; it has not its origin in any statutory provision. Thus any one who had power to convey directly by deed had ■also power to convey indirectly by attorney. The two modes of conveyance are virtually the same; in both instances, the deed executed is the deed of one and the same person, and the instrumentality of the agent is no further regarded than as he identifies himself with his principal. The statute of 1818, not noticing, but necessarily recognizing these principles, has authorized a married woman to unite in ■.a conveyance made by her husband. Mrs. Glenn has actually made herself a party to a deed, which, in no view you can take of it, can be deemed to be the deed of any other person than her husband; and I do not see but what she is completely and fairly estopped from demanding an assignment of dower. The antiquated mode of barring dower is unknown in Ohio. We have adopted a more simple and enlightened form of proceeding, and it is greatly to the credit of English jurisprudence, that in its numerous efforts of late years to imitate our laws, it has not forgotten this feature of them ; a bill having been introduced into parliament authorizing the American mode of conveyance by husband and wife. If it should be ^aid that there is less solemnity attending it than the ceremony of fine, it may at any rate be asserted that it is better adapted to the advanced condition of women at the present day. Our laws are in reality, to a great extent, a transcript of our manners. If women, as well as men, have been lifted to a higher standard than when fines were invented, it is natural that the law, in every arrangement which it makes for the protection of their interests, ^should be accommodated to that altered condition ; and this affords a very good reason why we should not voluntarily apply any very nice and technical rules in the construction of a statute which is made in furtherance of, rather than in derogation of .the rights of married women.
There is no direct authority to be found on either side of the (question ; but there is a dictum of Parsons, in Fowler v. Shearer, *79 7 Mass. 21, which is entitled to notice. It says the consent of the husband to the conveyance of tho interest of the wife in lands) “ must be manifested by his joining in the deed, either in person or by attorney.” The case did not demand the determination of this point; however, the dictum of so profound a lawyer, who was not .accustomed to hazard any random opinion, is entitled to the greatest attention. It is evident that our law has two ends, apparently diverse and contradictory, in view. One is to protect the wife from the influence and persuasion of her husband; the other, regarding them strictly as but one person, renders it necessary that his consent should be manifested to the conveyance. The first is •accomplished by a separate examination of the wife, and the other by making him a necessary party to the deed. The mode of conveyance in this instance does not interfere with the first intention, but rather contributes to further it; nor does it interfere with the second, as it is impossible to imagine a more plain and unequivocal declaration of consent on the part of the husband, when the deed executed by him purports to be a conveyance of the entire interest in the land. If I could suppose a case in which a husband might execute a deed of this nature, and yet at the same time, fairly and without any design to commit a fraud, intend not to convey an absolute interest, I might hesitate ; but I can not suppose such a 'ease. I conclude, therefore, that Mrs. Glenn has precluded herself from demanding dower, and that the motion must be granted.