# CASES

# SUPREME JUDICIAL COURT,

## COUNTY OF HANCOCK,

### ARGUED AT JULY TERM, 1843.

---

### JONATHAN OSGOOD & al. versus HENRY S. JONES.

Where the defendant had agreed to re-convey to the plaintiffs certain estate when they should pay four notes, made by them and by the defendant as their surety to a third person, and the plaintiffs afterwards paid the notes, and their attorney sent a letter to the defendant, merely "describing a memorandum and requesting a re-conveyance of said premises," and the defendant thereupon replied by letter, that "if any such agreement was in the hands of said attorney, it was a forgery," *it was held*, that an action on the agreement could not be maintained on such evidence.

Where the plaintiffs were charged by the defendant, in a settlement of accounts between the parties with a sum of money as having been indorsed on a note to him from one of the plaintiffs, but which indorsement had never in fact been made; and the defendant had brought a suit upon the note, and recovered upon default the full amount thereof, the action having been once continued on the motion of the defendant, but the attorney and the present plaintiffs then supposing that the indorsement had been made; *it was held*, that the amount might be recovered back.

An offer to indorse the same amount upon the execution, at the time of the trial of the action to recover back the money, does not vary the rights of the parties.

THE two first counts in the declaration were founded upon a memorandum of which the following is a copy. "Know all men by these presents, that I, Henry S. Jones, do hereby bind myself to re-convey to Jonathan Osgood and Samuel P.

Osgood a certain parcel of land this day conveyed to me by them, and also the goods in their store this day sold me, when they, the said Jonathan Osgood and Samuel P. Osgood, shall or do pay Charles Warren & Co. four certain notes of hand, bearing even date with these presents, amounting in all to the sum of five hundred and ninety-two dollars, which notes I have signed as surety. Mount Desert, Aug. 12, 1837. Henry S. Jones." The other facts in relation to these two counts appear in the opinion of the Court.

The third count was for money had and received, and the fourth was upon a note given by the defendant to the plaintiffs. The plaintiffs and the defendant, as the report of the case states, on April 27, 1840, settled an account between them, in which the latter charged the plaintiffs with "indorsed on Jonathan Osgood's note, 57,27½." That sum was allowed on the adjustment. The statement of the proceedings in the suit in favor of Jones against Jonathan Osgood before judgment is thus. "Said note had subsequently been put in suit, and after appearance of defendant by counsel, and a continuance, judgment upon default had been rendered upon it for the whole amount, no indorsement of said sum having been made; and neither the plaintiffs, nor their counsel, at the term when said action was continued, nor at the term when it was defaulted, had any knowledge that such sum had not been indorsed upon said note." The other facts appear as full in the opinion as in the report of the case.

*F. Allen* and *C. J. Abbott* argued for the plaintiffs, and on the point, that if the demand for a deed was informal, the reply amounted to a waiver of any objection to it, cited 9 Mass. R. 277; 1 Peters, 455; 2 Greenl. 1; 6 Greenl. 208; 2 Fairf. 258 and 475; 3 Fairf. 332; 14 Maine R. 335; 17 Maine R. 34 and 296; 16 Pick. 327; 18 Pick. 16; 19 Pick. 13; 21 Pick. 396.

And to the point, that as the defendant had made a false assertion, that the sum was indorsed on the note, and had thus caused a mistake on the part of the plaintiffs, it could be

recovered in this action, they cited *Fowler* v. *Shearer*, 7 Mass. R. 14; *Rowe* v. *Smith*, 16 Mass. R. 306.

*Hathaway* argued for the defendant, and on the point, that it was the duty of the plaintiffs to furnish a deed and offer it to the defendant, and request him to sign it, cited For. 61 ; 6 M. & W. 6 and 385.

The opinion of the Court, SHEPLEY J. having been attending to the trial of jury causes in the county of Washington at the time of the argument, and taking no part in the decision, was drawn up by

WHITMAN C. J. — As to the two first counts, depending on a memorandum of an agreement in writing to reconvey real estate, upon the payment of certain notes held by Messrs. Charles Warren & Co. on which the defendant was but a surety, the defence is, that this action was prematurely commenced, before notice to the defendant that the notes had been paid, and before a demand had been made upon him for a reconveyance. The reliance on the part of the plaintiffs, in reply to this defence, is, that their attorney wrote ·to the defendant, " describing a memorandum and requesting a reconveyance of said premises," to which the defendant replied, by letter, that, " if any such agreement was in the hands of said attorney it was a forgery." It does not appear that the defendant was apprised, by letter or otherwise, that the notes had been paid ; nor does it clearly appear that the memorandum was so described to him, that he was not justified in supposing it could not be genuine. The statement is that *a* memorandum was described to him. If the notes taken up had been exhibited to him, together with the memorandum and a deed prepared to be executed, and he had refused to execute it, he would have been liable ; but we cannot know, if such a course had been taken, and which the plaintiffs should have pursued, that it would not have been successful. As the case is presented to us, it cannot be considered, that the allegation in the defendant's letter, that the " agreement" was a forgery forms a sufficient ground to infer, that, if proper steps had

been taken to convince the defendant of the justice of the claim against him, he would not have yielded to the demand. Upon a discontinuance as to these two counts the plaintiffs will have ample opportunity to place themselves in a condition to compel a specific performance of the contract.

We see no good reason why the plaintiffs should not recover on the other two counts. The $57,27½ was charged to the plaintiffs by the defendant, in a settlement of accounts, as having been indorsed on a note, which Jonathan Osgood, one of the plaintiffs, had given to the defendant, which indorsement had never in fact been made. This then was clearly an error in the settlement of accounts between the parties. It was an allowance of an item under the influence of a charge actually false, made by the defendant. It is true that judgment had been recovered on the note, before the commencement of this action, upon default, against the said Jonathan; and it may be that he might have compelled the defendant to have allowed the item in set-off against the note; but we are not by any means prepared to say that, under the circumstances of this case, he was bound to have done it; especially as he was, by reposing confidence in the defendant's false representation, led to the belief that the item had been actually indorsed; and had no knowledge to the contrary till execution came against him. This is a much stronger case for the plaintiffs than were those of *Fowler* v. *Shearer*, 7 Mass. R. 14; and *Rowe* v. *Smith*, 16 *ib*. 306. The offer to indorse the amount on the execution of *Jones* v. *Osgood*, made at the trial could not vary the rights of the parties in this action.

The plaintiffs, therefore, as to the two first counts, have leave to discontinue; and as to the other, a default is to be entered; and on the $57,27½ interest will be allowed from the time of the settlement of the accounts.