Page *v.* Page.

---

ESTHER PAGE *vs.* WILLIAM PAGE.

The deed of a married woman, executed by her alone, relinquishing her dower in land previously conveyed by her husband by his separate deed, does not bar her dower therein, either under the revised statutes or the statutes previously in force. A demand of dower need not be made in writing.

THIS was a writ of dower, in which the demandant claimed her dower in certain estate described in the writ, as the widow of John Page. At the trial before *Metcalf*, J., there appearing to be no fact in controversy between the parties, the case was taken from the jury by consent, and reported for the consideration and determination of the whole court. The facts will be found sufficiently stated in the opinion.

*G. H. Preston*, for the demandant.

*J. P. Converse*, for the tenant.

METCALF, J. The chief question in this case is, whether the demandant has barred herself of dower in a part of the demanded premises, by her deed of November 6th, 1819. The facts are these: The demandant's husband, John Page, on the 14th of August, 1812, conveyed the land, in which she now claims dower, to William Porter, by a mortgage-deed in which she did not join. On the back of that deed, her husband afterwards signed the following writing: — "Bedford, January 5th, 1818. I this day hereby do resign, relinquish, and give up to William Porter, his heirs and assigns forever, all my right, title, and interest in and to the real estate assigned to him by the within mortgage-deed. John Page. Done and signed in presence of us. D. West, Asa Reed." To this was subsequently added the following instrument: — "In witness whereof, I, Esther Page, wife of the within-named John Page, in token of relinquishment of dower in the within-named premises, have hereunto set my hand and seal, this sixth day of November, in the year of our Lord one thousand eight hundred and nineteen. Esther Page [seal.] Signed, sealed, and delivered in presence of us. Thompson Bacon, Joseph Fiske, Jun." The certificate of acknowledgment was thus: — "Middlesex, November 6th, 1819. Then the above-named Esther Page personally acknowledged the above in-

strument to be her free act and deed, before me, and in presence of the within-named John Page, and at his desire. Thompson Bacon, Just. of Peace."

These papers were recorded in the registry of deeds, on the 19th of November, 1819.

The colony ordinance of 1641, (Anc. Chart. 99,) secured dower to a married woman in her husband's estate, unless she had been " estated by way of jointure " before marriage, or had barred herself " by some act or consent signified by writing under her hand, and acknowledged before some magistrate or others authorized thereunto." And the provincial statute of 9 Wm. 3, c. 7, (Anc. Chart. 304,) reënacted by St. 1783, c. 37, § 5, and continued in force until the revised sta tutes were passed, expressly saved to the widow of any vendor or mortgagor her right of dower in his lands or tenements, unless she *had joined with her husband* in the sale or mortgage, or had otherwise lawfully barred or excluded herself from dower. The words " or otherwise lawfully barred or excluded," have always been limited, by construction, says Story, J., " to such bars of dower as were recognized by the common law." 3 Mason, 352. " When, therefore," says Parsons, C. J., " the widow is not barred by a jointure, and does not join with her husband in the sale, she shall have her dower. The usual mode, by which a wife is joined, is by introducing her, in the close of the deed, as expressly relinquishing all claim to dower in the premises sold, and by her executing the deed with her husband. And it has been sometimes done by her separate deed, subsequent to her husband's sale, in which the sale is recited as a consideration, on which she relinquishes her claim to dower. The deed of a *feme covert*, thus executed to bar her claim to dower, is not voidable, but will bind her as to such claim." *Fowler* v. *Shearer*, 7 Mass. 20. And in *Stearns* v. *Swift*, 8 Pick. 536, Wilde, J., says, " it is not essential that the sale by the husband, and the relinquishment of dower by the wife, should be made by the same deed, or at the same time ; although this is the usual mode of conveyancing. But if, after a sale by the husband, or after his estate has been taken on execution, the wife will

17 *

voluntarily relinquish her claim to dower by a separate deed, it will effectually bar her dower." See also Jackson on Real Actions, 310, 326. The tenant relies on these passages, in defence of the present suit.

If by the wife's " separate deed, subsequent to her husband's sale," be meant a separate deed, executed by him and her jointly, in which she relinquishes her claim to dower in the land conveyed by him alone in the first deed, or taken on execution against him, then we do not doubt that, under the *Sts.* of Wm. 3, and 1783, dower might be barred by such deed. It was so decided in *Stearns* v. *Swift*, above cited, before the revised statutes were passed, and is expressly so provided by those statutes, *c.* 60, § 7. But if by the wife's " separate deed," be meant a deed made by her alone, relinquishing dower in land previously conveyed by her husband alone, we are of opinion that such deed was not a bar to dower, under the statutes first mentioned. So it was decided in *Powell* v. *Monson & Brimfield Manufacturing Co.* 3 Mason, 347, and in *Shaw* v. *Russ*, 2 Shepley, 432, for reasons which we deem conclusive, and to which we refer, without repeating them. And the Rev. Sts. *c.* 60, § 7, by necessary implication, prevent such deed from being a bar, since 1836.

In the present case, the demandant has not "joined with her husband" in any deed or sale of the demanded premises. The instrument executed by him, on the back of the mortgage to Porter, and in which it seems to have been originally intended that she should join, was not a deed ; nor did she sign and seal it until twenty-two months after the date of his signature.

It was objected to the demandant's right of recovery, that her demand of dower was not made in writing. But no statute of this commonwealth ever required a written demand ; and it has been decided in Maine, where the law was the same as here, that an oral demand is sufficient. *Baker* v *Baker*, 4 Greenl. 67.

*Judgment for the demandant.*