THE PRESIDENT, DIRECTORS, AND COMPANY OF THE CONCORD BANK *vs.* JOHN S. BELLIS & another.

A married woman, whose husband had temporarily deserted her, and had been absent from the country several years, bought a tract of land and immediately mortgaged it back to secure the purchase-money. *Held,* that the mortgage was void, and not merely voidable.

WRIT OF ENTRY. The whole case sufficiently appears in the opinion of the court.

*J. S. Keyes,* for the demandants.

*B. F. Butler,* for the tenants.

SHAW, C. J. The facts of this case are these: Nancy B. Hill, a married woman, now deceased, whose husband had been sometime absent from the country, having children by a former marriage, some of whom are the tenants in this suit, in 1842, took of Amos Wheeler a conveyance of a lot of land in Waltham, in her own name, being the demanded premises, and at the same time gave back to Wheeler a mortgage in fee, to secure $350. This mortgage was duly assigned to the demandants, who made entry thereon for condition broken. Another mortgage was afterwards made by said Nancy B. Hill, still being a married woman, to one Johnson, for $700, which also came to the demandants by assignment. This does not seem to us to vary the question.

The question is whether the demandants, claiming under

Concord Bank *v.* Bellis & another.

mortgages made by a married woman, whose husband has
been and is a citizen, but who has temporarily deserted his
wife, can maintain this action.    We are not aware that it
makes any difference that the tenants are the heirs at law of
Nancy B. Hill.    We suppose it will not be contended that the
conveyance of the estate to a married woman, absolutely and
without condition, vested the estate in her; i. e. constituted a
joint seisin to husband and wife in her right during the cover-
ture, and then to the use of the wife.    But if it could be con-
tended that the conveyance and reconveyance were dependent
acts, constituting one transaction, so that if one was void, both
were void, this would not aid the demandants; the result
would be that nothing passed by the deed to Mrs. Hill, and
the fee remains in Wheeler and his heirs.    The demandants
must recover, if at all, upon the strength of their own title,
whether the tenants can hold as heirs of Nancy B. Hill, or
not.

It is among the familiar principles of the common law that
a married woman is legally incapable of conveying her estate
by deed, and that her deed is void.    Co. Lit. 42 *b*, & *n* 4.
Her deeds are regarded not merely as voidable, but abso-
lutely void both at law and in equity.    Cruise Dig. tit.
Deed, *c.* 2, § 24.    So it is held in this commonwealth that
the separate deed of a married woman is *ipso facto* void,
and all the covenants contained in it.    It is not voidable
merely, but absolutely void.    *Fowler* v. *Shearer*, 7 Mass. 14.
But this distinction between void and voidable, a character-
istic which to some extent distinguishes the deed of a minor,
which he may affirm after coming of age, and that of a mar-
ried woman which is incapable of ratification even after the
removal of the disability, can have no influence in the present
case.    It does not appear that the disability of the grantor
ceased during her life, nor is there any suggestion of any rati-
fication subsequent to the original mortgages.

The consideration which struck us at first as plausible, was
the apparent want of equity, where a deed is executed convey-
ing a title, and a deed is executed and delivered back by the
grantee to the grantor, creating but a momentary seisin in the

grantee, that the one should be held valid, and the other void.
But as suggested before, if one were held to avoid the other,
it would not help the demandants. It would leave the title in
the original grantor, unaffected by the deeds. But there are
other considerations growing out of the nature of the subject.
A good conveyance may be made by deed poll to an infant,
lunatic, or *feme covert*, although such grantee would be under
legal disability to make a conveyance. It is true that in theory
of law, the grantee in a deed poll is held to be a party by
accepting the deed. But the deed does not derive its efficacy
as a grant and conveyance from the act of the grantee in
accepting, but from that of the grantor in executing it. In
case of a plain absolute conveyance, without conditions, either
no special acceptance is necessary to give it effect, or what is
nearly the same thing, the acceptance of the grantee will be
presumed. So the delivery of the deed to a third person
unconditionally, for the use of the grantee, gives effect to the
deed. From these considerations it seems to follow that the
efficacy of a deed to transfer real estate by deed poll, does not
depend upon the legal capacity of the grantee to transfer
an estate by deed.

Supposing the estate to be well vested by Wheeler's deed
in the grantee, a married woman, the question recurs whether
he can derive title from her deed to him. It is said that the
deeds being made at the same time, are to be deemed to relate
to each other and to constitute one transaction. We think it
is so, and that they should be construed together. But what is
that one transaction? An absolute conveyance in fee to the
grantee, and a reconveyance void in law, made by one having
no legal authority to contract. It is the ordinary case of a
man who enters into a contract with one who has no legal
authority to make such contract. This case is not even
accompanied by the alleged, though always vain apology, that
the grantee did not know the fact which constitutes the
grantor's disability. He did know that she was a married
woman, though in our judgment that knowledge could make
no difference in regard to his rights.

As the demandants can make title only through the void

deed of a married woman, which in law could convey no title, according to the report and the agreement of the parties, there must be                    *Judgment for the tenants.*