By the Court :
P. died testate, leaving nine children and a widow. By the will he gave his property to the widow for life, and made her his executrix, and directed that each of five daughters, named, be paid a legacy of $150, to make them equal with the other four children who had left home. The will provides that, at the death of the widow, the property shall be sold by the “ heirs,” and the proceeds remaining after the payment of the $150 to each of the five daughters, be divided equally between all his children or their legal representatives. Previous to the death of the widow the five daughters who, each, were to be paid the legacy of $150, died sole, without issue and intestate. Three of the other four, children, and the heirs of the fourth, survived the widow. Of the three children now living, two conveyed to the third one, for a full consideration, previous to the widow’s *661 death, their interest in the real estate left by the testator, specifying in the deeds the quantity of interest thus conveyed, including the interest devised to them by the testator, and also that acquired by descent from the deceased sisters. The deeds of conveyance contain covenants that the grantors were the true and lawful owners of the quantity of interest conveyed; that they had full power to convey the same; that the title was free, clear and unincumbered, and that they would warrant and defend the same against all claims, etc. After the death of the widow, there being no personal property of the testator, the grantors in these deeds filed their petition for the sale of the land to pay the legacies given to the deceased sisters, claiming a share in those legacies as heirs at law of the sisters. Held: That said grantors are estopped, by their covenants of warranty, from having the land sold to pay the legacies.
King & Marshall for the motion:
2 Story’s Eq. secs. 1040, 1040 b; Holt v. Lamb, 17 Ohio St. 372; 7 Ohio St. 441, 442; 19 Ohio St. 526; 14 Ohio, 140; Taylor v. Foster et al. 17 Ohio St. 166; Pinion v. Boyd, 19 Ohio St. 30.
White, Biehn & Waters, contra:
Trull v. Easton, 3 Metc. 121: Fitch v. Fitch, 8 Pick. 479; Boynton v. Hubbard, 7 Mass. 119, 120; Douglass v. Scott, 5 Ohio, 194; Philly v. Saunder, 11 Ohio St. 490; Hill v. West, 8 Ohio, 225; Colcord v. Swan, 7 Mass. 291; Fowler v. Shearer, 7 Mass. 21; Thompson v. Hoop, 6 Ohio St. 480; Holt v. Lamb, 17 Ohio St. 374 ; Needles v. Needles, 7 Ohio St. 432; Jeffers v. Lampson, 10 Ohio St. 101.
Motion overruled.