FORD & MUSSON v. THE IND. DISTRICT OF STUART ET AL.

1. **Parties**: JOINDER OF. In an equitable action the fact that a person is a member of the firm which is plaintiff will not prevent the joinder of another firm of which he is a member, as defendant.

2. **Evidence**: ASSIGNMENT: ADMISSIBILITY OF. An assignment made by one as attorney for another is not admissible in evidence without proof that the attorney was authorized to execute it.

3. ——: ——: SUFFICIENCY. The authority of the attorney being shown, an assignment signed in the form, "A. B., attorney for C. D.," is admissible as the deed of the principal, and is sufficient to pass his interest.

*Appeal from Guthrie Circuit Court.*

THURSDAY, JUNE 14.

THE defendant, The Independent District of Stuart, contracted with Corry, Morrison & Co. for the erection ·of a school-house. Afterward the said C., M. & Co. sub-let a portion of the work to the firm of W. Bartlett, W. Bushell & Co. The said sub-contractors performed a portion of the work by ·them to be performed, amounting to $2.265, and the contractors performed the remainder. The plaintiffs aver that a statement for a mechanic's lien for said work performed by said sub-contractors was duly filed, and that the plaintiffs have ·become the owners of the claim. They ask judgment against the school district for the amount thereof and that the lien be established. The School District answered admitting the

making of the contract between itself and Corry, Morrison & Co., and denying all other allegations.

The said Corry, Morrison & Co. filed a petition in intervention, averring, among other things, that the said subcontractors performed work to the amount only of $1,329.71, and that by the said sub-contractors' failure to perform their said sub-contract fully, they, the said Corry, Morrison & Co., were greatly damaged. They also set up some other claims against the said sub-contractors and asked that they be made parties, and that they have judgment against them for the sum of $2,500. The court ordered that the said sub-contractors be made parties, and a notice was served upon two members of the firm.

The petition in intervention showed that one J. M. Haver was a member both of the said firm of Corry, Morrison & Co., intervenors, and the said firm of W. Bartlett, W. Bushell & Co. The said Haver, upon that ground, demurred to the said petition for intervention and the demurrer was sustained.

Other facts are stated in the opinion. Decree for plaintiffs for $785.30, and establishing a lien as prayed for. The defendant and intervenors appeal.

*C. Haden, C. S. Fogg* and *E. R. Fogg*, for appellants.

*McCaughan & Dabney*, for appellees.

ADAMS, J.—I. The demurrer of Haver to the petition in intervention was sustained upon the ground that it appeared

1. PARTIES: joinder of.

from the petition that he was a member both of the firm of Corry, Morrison & Co., intervenors, and the firm of W. Bartlett, W. Bushell & Co., who were ordered to be made parties upon the prayer of the petition. The effect of sustaining the demurrer was to deny the right of the intervenors to recover against the said firm of W. Bartlett, W. Bushell & Co. Their right to intervene for the purpose of resisting the plaintiffs' claim remained unaffected.

The intervenors aver in their petition that the said W. Bartlett, W. Bushell & Co., are necessary parties to a full determination of the controversy. If they are so we think that the

demurrer was improperly sustained, for the reason that this is a suit in equity and the rights of all the members of the two firms could be properly adjusted.

The intervenors claimed that there was not only nothing due from them to the sub-contractors on account of the partial performance of the sub-contract, but that there was something due to them from the sub-contractors because the sub-contract was only partially performed, and ·that they had sustained damage by the sub-contractors' failure.   As the demurrer admitted the averments of the petition we think that the demurrer should have been overruled.   The intervenors relied upon the same facts to defeat the plaintiffs, Ford & Musson, and to recover a judgment against the sub-contractors, the plaintiffs' assignors.   It was the intervenors' right to show those facts once for all and obviate the necessity of a separate suit against the sub-contractors and the traversing of the identical ground again.   But while it appears that the demurrer should have been overruled, it also appears that the error was without prejudice if, as the court found, there was something due to the plaintiffs.   So far as that question was concerned the intervenors had their day in court, and they are concluded by the adjudication unless it is reversed.   If there was something due the plaintiffs, as the court held, there was, as a necessary consequence, nothing due the intervenors from the sub-contractors by reason of their not having fully performed their sub-contract.   It appears, therefore, that the intervenors were not prejudiced by the sustaining of the demurrer, provided the adjudication upon the plaintiffs' claim is correct.

II.   The plaintiffs, to establish their interest in the claim in question, introduced in evidence the contract between the said contractors and said sub-contractors, with an assignment indorsed thereon in the following words:  "For value received we hereby assign, set over and release all our right in and to the within contract, this 30th day of August, 1875, to Ford & Musson.

2. EVIDENCE: assignment: admissibility of.

          (Signed)                    "BEN. S. ADAMS,
     "Att'y for Wm. Bartlett and Wm. Bushnell & Co."

Ford & Musson v. The Ind. District of Stuart.

To the introduction of this assignment the intervenors objected on the ground that it did not appear that the said Ben. S. Adams had authority to execute it, and even if he had it was not executed in the name of the sub-contractors.

The assignment of the claim sued on is averred in the petition and denied by the defendants in their answer. It was incumbent, therefore, upon the plaintiffs to prove it. The authority of Ben. S. Adams to execute the assignment was as necessary to be shown as the assignment itself. The abstract shows no evidence and no offer of evidence upon that point. We think, therefore, that the assignment was inadmissible.

Another objection is made to the introduction of the assignment, and that is that it is not executed in the name of the sub-contractors. In *Fowler v. Shearer*, 7 Mass., 19, Parsons, Ch. J., says: "It is not enough for the attorney in the form of the conveyance to declare that he does it as attorney, for he being in the place of the principal, it must be the deed and act of the principal done and executed by the attorney in his name."

*3. ——: ——: sufficiency.*

In that case the attorney undertook to convey the estate as attorney for the principal, and it was held that the interest of the principal did not pass. There are quite a number of cases where this rule has been applied. Whether it is still applicable to sealed instruments we need not inquire. It is not, we think, applicable in a case like the present. In Story on Agency, Sec. 153, the author says: "The true and best mode in such cases undoubtedly is to sign the name of the principal ('A B') and to add 'by his attorney C D.' But it will be sufficient if the signature in such case be 'For A B' (the principal) 'C D' (the agent)."

We are of the opinion, therefore, that the assignment was not inadmissible so far as the mere form of the execution of it is concerned. But there is another objection of greater weight. The name of the principal for whom the said B. S. Adams claims to act as agent in making the assignment is written Wm. Bartlett & Wm. Bushnell & Co. The name of the firm who were the sub-contractors was W. Bartlett, W. Bushell & Co. *Bushnell* and *Bushell* are different names.

But the attention of the court does not seem to have been called to this point. The objection made before the court was that the assignment did not appear to have been signed in the name of the sub-contractors. Inasmuch as it was signed "Ben. S. Adams, attorney for, etc.," the fair import of the objection was that the assignment was signed in the name of the attorney in distinction from that of the principal, which objection so understood was not well taken. The appellants in their argument call attention to the difference between *Bushnell* and *Bushell*. Under the circumstances of the case the objection seems to us to be technical, and while we might feel obliged to sustain it if it was certain that it was raised in the court below, we are not disposed to give the objection there made any more liberal construction than its language necessarily imports.

III. The statement for a mechanic's lien was sworn to by one of the firm of W. Bartlett, W. Bushell & Co., on the 31st day of August, 1875, being one day after they had assigned the claim to plaintiffs, and the said statement was filed September 1, 1875. It is made out in the name of "Bartlett, Bushell & Co.," and states that the amount due is $2265, and that Bartlett, Bushell & Co., claim a lien therefor.

Sec. 2137 of the Code provides, in substance, that every person who wishes to avail himself of the chapter providing for a mechanic's lien shall file with the clerk of the District Court a just and true account of the demand due him, after allowing all credits, verified by affidavit.

It is claimed by appellants that a statement filed subsequent to the assignment by the assignors, and in their name, is insufficient. The question here presented is one of no little difficulty, and we might not be agreed in relation to it. As the case must be reversed and remanded, and as the question may not arise upon another trial, we will not undertake its determination.

REVERSED.