## E. CRANE *versus* S. THURSTON.

M. and his wife were seized in fee of land in her right, and having agreed to
separate and live apart, M. conveyed all his interest in the land to L. the fa-
ther of his wife, in trust, for the wife ; and by indentures made at the same
time between M. L. and the wife, M. covenanted that the wife might enjoy
and absolutely dispose of the property she had to her separate use—it was
held that the deed of L. and the wife, living the husband, was sufficient to
pass a fee in the land.

THIS was an action of trespass, *quare clausum fregit*,
and was tried here upon the general issue, at October
term, 1827, when it appeared in evidence, that John
Ladd, being seized of the *locus in quo* in fee, by deed, da-
ted February 12, 1803, in consideration of love and good
will towards his daughter, Susannah Morley, wife of
Aaron Morley, conveyed the same to her and her heirs ;
and that Aaron Morley, by deed dated the 16th January,
1807, conveyed the same premises to the plaintiff. It
also appeared, that the plaintiff entered and took posses-
sion of the close in the year 1804, and continued in pos-
session from that time down to November, 1824, when
the defendant made the entry, of which the plaintiff in
his declaration complained.

From the evidence introduced on the part of the de-
fendant, it appeared, that on the 1st July, 1803, Aaron
Morley, and Susannah his wife, agreed to separate and
live apart ; and that Morley, by deed of that date, con-
veyed to John Ladd, all his right, title, and interest in
the said premises, in trust for Susannah Morley, his said
wife. And on the same day, an indenture was made be-
tween the said Aaron Morley, the said Susannah, and
the said John Ladd, her trustee, in which indenture
Morley covenanted that he would not at any time there-
after, claim, or demand, any of the monies or property
which the said Susannah then had in her power and pos-
session, or which she might thereafter have or acquire,
and that she might enjoy and absolutely dispose of the

same as if she were a *feme sole*. And the said Ladd, in, and by, the same indenture, covenanted with the said Morley, to save him harmless from all cost and trouble for the future support of the said Susannah.

It further appeared, that John Ladd, and Susannah Morley, by deed dated August 11, 1804, conveyed the said close to John C. Chamberlain in fee.

Chamberlain having brought a writ of entry, in which he counted upon his own seizin of the close in fee, and upon a disseizin by E. Crane, recovered judgment in the same suit against Crane, at October term, 1814, and afterwards, by deed dated the 23d May, 1814, conveyed the same close to Thurston, the defendant. It was then shown, on the part of the plaintiff, that Crane brought a writ of review of the said writ of entry, and that at May term, 1817, the former judgment was affirmed; but at May term, 1827, it appearing to the court that Chamberlain had leave to amend his count upon said review, and to count upon his seizin of the close in his demesne as of freehold, that a new count in that form was filed in the case, and that judgment was entered, by mistake, it was, on motion, ordered, that the record of the judgment should be amended, and the judgment entered upon the new count, saving to third persons any rights acquired under the judgment.

The defendant then showed, that after Chamberlain conveyed to him the close as aforesaid, he reconveyed the same to Chamberlain, who brought an action of trespass against Crane for breaking and entering the close, and at May term, 1819, recovered judgment for $10, damages and costs, and by deed dated the 23d August, 1819, again conveyed the close to the defendant in fee.

Aaron Morley died in the year 1816.

Upon these facts, a verdict was taken for the defendant, subject to the opinion of the court upon the foregoing case.

*Hubbard* and *Woodbury*, for the plaintiff.

*J. Parker*, for the defendant, argued—

1st, That the deed of Mrs. Morley and Ladd passed a fee to Chamberlain. Mrs. M. had power so to convey, as no marital right was affected by it. The right of the husband was already gone by the deed to Ladd, and that interest passed to Chamberlain, and as her conveyance in no way impaired his rights, his consent was not necessary. Reeves Dom. Rel. 115.

In *Compton* v. *Collinson*, 1 H. Black. 334, there were articles of separation between the husband and wife, similar in effect to those in this case, except that the husband there covenanted that he would join in any fine, surrender, &c. and here he actually conveyed at the time. It was there held, that the authority of the husband was annulled, and that a surrender by the wife was valid, without the husband having joined—341–351.

The very reason given for the disability of a *feme covert*, viz. that she cannot convey " without affecting her husband's rights, which she cannot lawfully do, without his consent," 7 Mass. Rep. 21, shows that the deed in the present case passed her interest.

The custom, by which the wife is enabled to convey by deed, " has grown up as a simple and cheap substitute for common recoveries, and fines"—and " if a wife suffer a recovery, or levy a fine, alone, her title passes as to every body but her husband ; and when he joins with her, it is only to pass his own estate, and to perfect the conveyance of her in respect to himself, by an expression of his assent." 2 N. H. Rep. 405.

Here his estate was already conveyed, and his assent expressed by the articles of separation and the deed to Ladd. He had therefore no intent in avoiding her conveyance, or any way in which to avoid it, and his deed to Crane could not invalidate it.

Again, Morley did in effect join in the deed to Chamberlain. He conveyed to Ladd as trustee for Mrs. M., and covenanted that she should have full power to dispose of the land, and Ladd joined with her in the deed.

In *Fowler* v. *Shearer*, 7 Mass. Rep. 21, it is admitted that the husband may constitute an attorney, and that the attorney may join with the wife in a conveyance. It is not necessary that the husband and wife should join in the conveyance by executing the same paper. Nor is it essential that they should join in the same words of conveyance. 2 N. H. Rep. 402, *Gordon* v. *Haywood*.

It is only necessary that the husband should so far join as to part with his right, and assent to her conveyance. " The reason of their joining in a deed is not that their respective interests might not as well pass in separate deeds, but that the assent of the husband to her conveyance may appear on the face of it." 2 N. H. Rep. 205.

But there can be no particular virtue in his assent appearing " on the face" of her deed. If it appears from other documents, as it must where an attorney is constituted, it is substantially the same ; and it appears explicitly in this case.

2d, The former judgments estop the plaintiff from setting up title to this land, unless it be one acquired since they were rendered. 3 East, 346, *Outram* v. *Morewood et a.* ; 4 Cowen, 559, *Burt* v. *Sternburg* ; 1 Salk. 276, *Trevivan* v. *Lawrence* ; Com. Dig. Estoppel, A. 1 ; 1 Philip's Ev. 226, [245] ; 1 Starkie's Ev. 185 ; Co. Litt. 260, *a*—352, *a* ; 6 Co. 7, *Ferrer's case* ; 17 Mass. Rep. 367, *Adams* v. *Barnes* ; 2 Mass. 338, *Kent* v. *Kent* ; 1 Pick. 439, *Homer* v. *Fish et a.* ; 5 Conn. Rep. 550, *Betts* v. *Starr* ; 1 Conn. 7 ; 3 Cowen, 120 ; 1 N. H. Rep. 35 ; 2 N. H. Rep. 192.

If the first point be correct, the judgment of 1817 was correctly entered. If it was not, the rights of the defendant, acquired under it, were saved on the amendment, and his title is good against the defendant by estoppel.

RICHARDSON, C. J. We shall, in the first place, examine the titles of these parties to the *locus in quo*, independently of the judgment in favour of Chamberlain in the writ of entry, and then consider the effect of that judgment.

Crane
*v.*
Thurston.

The only evidence of title, which the plaintiff has shown, with the exception of what may result from his possession, is Morley's deed of the 16th January, 1807. But admitting that Morley's previous conveyance of all his interest to Ladd, was without any legal effect, it is clear, that Morley had, at most, only an estate for his own life, and that when he died there was an end of the title which the plaintiff derived from him.

But the plaintiff has had possession, and although that has not been quiet and undisturbed, yet still it is sufficient evidence of title against all, who can show no better evidence of title.

The title, upon which the defendant relies is this— Morley and wife being seized in fee in her right of the land, agreed to separate and live apart. In pursuance of that agreement, Morley, by deed, conveyed all his interest in the land to Ladd, his wife's father, in trust for her, and covenanted that she should have power to dispose of her property as a *feme sole*. And then Ladd and the wife joined in a deed, which purports to convey the land to Chamberlain in fee and the defendant has now Chamberlain's title. The question then is, what passed by this deed of Ladd and his daughter ?

We entertain no doubt, that the interest of a wife in land, may be conveyed by a deed made jointly by the husband and wife. 3 Pick. 521, *Thatcher* v. *Omans, et a.* ; 2 N. H. Rep. 402, *Gordon* v. *Hayward* ; ibid. 525, *Elliot* v. *Sleeper.*

But the general rule is, that the deed of a married woman, in which her husband does not join, is utterly void. 7 Mass. Rep. 21 ; Shep. Touch. 55 ; Co. Litt. 42, *b*, note 249 ; Perkins, sec. 6 and 41.

To this rule there are, however, exceptions.

1st, Where a husband by deed, conveyed lands, and his wife afterwards, in his life time, by a separate deed released her right of dower to her husband's grantee, the deed of the wife was held to be valid to estop her to de-

mand her dower in the lands after the death of her husband. 2 N. H. Rep, 507, *Shepherd* v. *Haward*. In addition to the reasons on which that decision is grounded, that are stated in the report of the case, it may be remarked that the provincial act of the 13 W. 3 cap. 12, which declares that nothing in that act shall be construed to bar any widow of a vender or mortgagor from her dower, " who did not legally join with her husband in such sale or mortgage, *or otherwise lawfully bar or exclude herself from such her dowry*," Prov. Laws, 20, and the statute of February 10, 1791, entitled " an act declaring the mode of conveyance by deed," which contains a similar clause, seem indirectly to sanction a separate deed in such a case.

2d, It has been held, that where any estate has been given or granted to a married woman for her sole and separate use, she, in relation to such property, is to be considered as a *feme sole* and may dispose of it by her separate deed. 1. Vesey, Jr. 189, *Pybus* v. *Smith* ; 13 Vesey, 190, *Sturgis* v. *Corp* ; 17 Johns. 548, *Jaques* v. *The M. E. Church* ; 3 Johns. Ch. cases, 77, S. C.

And the right of a *feme covert* to the control of property which she has to her separate use, is recognised and protected, as well in courts of law, as of equity. 4 B. & A. 419, *Innell and Wife* v. *Newman et a.* ; 1 H. Bl. 334, *Compton* v. *Collinson*.

But when a married woman is made a *feme sole* with respect to particular property by any instrument, her faculties as such, and the nature and extent of them are to be collected from the terms of the instrument making her such. 1 Vesey, Jr. 189, *Pybus* v. *Smith*.

These are all the exceptions to the general rule which it is necessary to consider in the present case.

Whether the instrument, under which a *feme covert* claims to exercise the power of disposing of land by her separate act, is made by her husband, or by a third person, a clear intention to give her such power must appear. 3 Vesey, 166, *Brown* v. *Clark* ; 5 ditto. 516, *Lamb*

Crane
v.
Thurston.

v. *Milnes*; 3 ditto. 437, *Hyde* v. *Price*; 19 ditto. 415, *Adamson* v. *Armitage*.

In the case now before us, there is no doubt as to the intention of Morley. It was most clearly his object to place the land in such a situation that his wife might dispose of it, as her own property. And we entertain no doubt, that the deed of Ladd and Susannah Morley, were sufficient to pass the whole estate to Chamberlain. It is therefore clear, on the face of the deed, that the defendant has a legal title to the land.

And we are inclined to think, that if it were otherwise, this plaintiff would be estopped by Chamberlain's judgment to claim the land against this defendant, who is not to be affected by the amendment made after he purchased the land.

*Judgment on the verdict.*