## MATTHEWS *v.* PUFFER.

The deed of a married woman is void.

Possession under such a deed is not subordinate to the title of such married woman, but adverse to it.

The grantee in such deed in possession, is not to be regarded as tenant at will of the grantor.

TRESPASS, for breaking and entering the plaintiff's close, in Swanzey, and cutting trees, &c.

The defendant pleaded the general issue, with a brief statement that the premises were his soil and freehold. Upon the trial, the defendant showed that one Simeon Puffer was in possession of the premises about the year 1780 ; that in 1806, he conveyed the property to one Enos Howard, who, in the winter of 1806–7, entered upon the land, in presence of a witness, exhibited his deed, and took formal

possession; and, in 1846, Howard conveyed his title to the defendant.

The plaintiff then introduced evidence tending to show that between 1780 and 1787, Simeon Puffer agreed to sell the premises in question to one J. Whitcomb; that a deed was drawn and partially executed, but not acknowledged or recorded, which was designed to convey the property to Whitcomb, and is now lost; that Whitcomb entered into the premises, and occupied, claiming the title, till his death in 1792; that after his death, his administrators, one of whom was a son, continued to occupy till the final settlement of his estate; that about 1811, partition was made of Whitcomb's estate among his heirs, and the tract in dispute was assigned to a married daughter, Dorothy Capron; that in April, 1815, Mrs. Capron, by a deed executed by herself alone, conveyed the premises to A. Dickinson, who entered and occupied the premises, and that occupation was continued by himself and his sons, to whom he had conveyed, till 1837; that in 1833, Nathan Capron, husband of Dorothy Capron, commenced an action against two of Dickinson's sons, who were then in possession, and in 1837, the action was compromised and judgment rendered in favor of Nathan Capron against the sons of Dickinson, who were defendants, by agreement, and a deed of the property was executed by another son of Dickinson, who had, in the meantime, acquired the Dickinson title, to John W. Capron, a son and heir of Mrs. Capron, who had acquired his mother's title. It appeared that John W. Capron had conveyed his title to the plaintiff.

The counsel for the defendant requested the court to instruct the jury that the possession of A. Dickinson could not be connected with the preceding possession, as it was not in privity with, but adverse to, the title existing in the Caprons, the deed of Mrs. Capron being void; and that the possession of the Dickinsons could not be eked out by the subsequent possession of the Caprons, Dickinson's posses-

sion being adverse to the Caprons, and its continuity being broken by the suit brought against him. But the court instructed the jury that the possession of the Dickinsons was not to be deemed adverse to that of the Caprons; that the acceptance by Dickinson of the deed of Mrs. Capron, and his entry under it, constituted him a tenant at will of the premises, and his possession might be deemed a continuance of the possession under the title of Mrs. Capron.

The jury found a verdict for the plaintiff, which the defendant moved should be set aside and a new trial granted, for the misdirection of the court; and thereupon it was ordered that the questions arising on the foregoing case be reserved and assigned to the determination of this court.

*W. P. Wheeler*, for the plaintiff.

*Foster*, for the defendant.

WOODS, J. In examining the question which the case presents, we are to consider the plaintiff's title as commencing with the entry of A. Dickinson, in 1815, under a deed of Mrs. Capron, who has undertaken in the lifetime of her husband, and in her own name, to make a conveyance of the premises to the party so entering. The possession thus acquired was continued, without any interruption, through a period of eighteen years. An action was then brought by Nathan Capron, the husband, which was compromised. By this compromise, a judgment was entered for the demandant, and a conveyance made to him, of all the Dickinson title. This transaction took place in 1837, more than twenty years after the entry of A. Dickinson.

The case does not require us to decide whether these facts are sufficient, in any view whatever, to constitute a perfect title in Nathan Capron; but presents a question merely upon the instructions given by the court upon the

effect and character of Dickinson's possession from 1815 to 1833, when the action was commenced.

It must be conceded, in the first place, that the deed of Mrs. Capron, under which the possession of Dickinson commenced, was in law a mere nullity, as respects its power to transfer any title, interest or possession. It was merely void, and required neither entry, plea, or other act, on the part of the party executing it, or others, whose rights might be concluded by its terms, to avoid it. The entry under it was a mere trespass against the rightful owners of the soil, including her also who had assumed, by the act in question, to part with it.

Such was the character of the deed, considered as a conveyance. Its effect, in extending or limiting by construction the occupation of the parties in possession under it, is a point which does not arise. But the deed has undoubtedly importance and significancy, as indicating the nature of the estate claimed by Dickinson, on taking possession of the land; in showing that he claimed an indefeasible fee simple, and was not in recognizing a paramount title.

His entry, therefore, and possession being tortious, and his claim a fee simple, it would hardly seem consistent to say that he was a tenant at will to any body, or that he acknowledged any superior title.

Such recognition does not seem to result from his having taken a deed from Mrs. Capron. It was held in *Owen* v. *Bartholomew*, 9 Pick. 520, that negotiating with a party for the purchase of land did not estop the plaintiff from afterwards claiming it as his own. Nor is this case that of a tenant, who, having taken a lease, is estopped to dispute the estate of his landlord, so far as it is consistent with the rights acquired under the lease.

On the contrary, the claim of Dickinson was from the outset in direct hostility to any interest of Mrs. Capron, or others, in the land. The notion of any tenancy under her was totally excluded by the nature of his claim. In short,

his entry was a disseizin, which, if not healed, would, in twenty years, have ripened into a perfect title.

For misdirection of the court below, in this particular, the verdict must be set aside, and it is, therefore, unnecessary to inquire whether there was or was not error in refusing to grant the defendant's motion for specific instructions as to the connection of Dickinson's possession with the subsequent possession of Capron, and as to the effect of the suit at law in breaking the continuity of possession.

*New trial granted.*