DICKINSON v. McLANE. $\left\{\begin{array}{l}\text{March 21,}\\\text{1876.}\end{array}\right.$

*Homestead—Release of, by married woman.*

Under the act of 1851, exempting the homestead of families from attachment, &c. (Comp. Stats., ch. 196), a married woman cannot release her homestead in the estate of her husband by her separate deed.

FROM GRAFTON CIRCUIT COURT.

BILL IN EQUITY, praying that a homestead may be set out to the plaintiff.

March 13, 1862, John Dickinson, the plaintiff's husband, mortgaged the premises to Z. K. Dickinson, releasing all his right to a homestead therein ; but the plaintiff did not sign the deed. This mortgage was foreclosed December 16, 1864, and the defendant holds the title. March 28, 1863, the plaintiff, by her separate deed (her said husband not joining therein), quitclaimed to said Z. K. Dickinson "all the right of homestead that she might or could be entitled to in any event, in any change of life or circumstances," in said premises. At this time, March 28, 1863, said John and the plaintiff had three minor children, and one of them, a daughter, is still a minor (15 years of age), and living with the plaintiff. John Dickinson died in the fall of 1874.

If the plaintiff is barred of her homestead by her said deed, the bill is to be dismissed.

Transferred by FOSTER, C. J., C. C.

*Carpenter*, for the plaintiff.

*Leslie & Rogers* (of Vt.) and *H. P. Rolfe*, for the defendant.

SMITH, J.   At common law the deed of a *feme covert*, which is not also executed by her husband, passes no interest, and is in law a mere nullity.   2 Bl. Com. 293 ; 2 Kent's Com. 152 ; *Ela* v. *Card*, 2 N. H. 175 ; *Crane* v. *Thurston*, 4 N. H. 418, p. 422.   Such a deed is merely void, and requires neither plea, entry, or other act, on the part of the party executing it, or others whose rights might be concluded by its terms, to avoid it.   Entry under it is a mere trespass against the rightful owners of the soil, including her, also, who assumes by the act in question to part with it.   *Matthews* v. *Puffer*, 19 N. H. 448.   Perhaps the only exceptions are when she signs under a power from another, and when under our statute and usages she signs a deed releasing her dower.   *Ela* v. *Card, supra,* 176, and authorities there cited ; *Gordon* v. *Haywood*, 2 N. H. 402, p. 405.   In *Crane* v. *Thurston, supra,* 423, Judge RICHARDSON says,—" The provincial act of the 13 W. 3, cap. 12, which declares that nothing in that act shall be construed to bar any

widow of a vender or mortgagor from her dower, ' who did not legally join with her husband in such sale or mortgage, *or otherwise lawfully bar or exclude herself from such, her dowry.*' Prov. Laws 20, and the statute of February 10, 1791, entitled ' An act declaring the mode of conveyance by deed,' which contains a similar clause, seem indirectly to sanction a separate deed in such a case." *Fowler* v. *Shearer*, 7 Mass. 14, is cited in our early New Hampshire cases as authority that a *feme covert* may release her dower by her separate deed. But that case has since been overruled in *Page* v. *Page*, 6 Cush. 196, on the authority of *Powell* v. *Mouson, &c., Manf'g Co.*, 3 Mason 347, and *Shaw* v. *Russ*, 2 Shepley 432.

The recent legislation in New Hampshire, that a married woman may hold real and personal estate to her sole and separate use, and may convey the same as if she were sole, applies only to her separate estate. As to any interest in the real estate of her husband, by virtue of her relation as wife, she still remains under her common law disabilities, so far at least as conveying the same is concerned.

It is contended here, on the part of the defendant, that because the wife may release her right of dower in the real estate of her husband by her separate deed, she may for the same reason release her right of homestead in his real estate, occupied as a homestead, in the same manner. But this does not follow. By the act of 1851, exempting the homesteads of families from attachment, &c. (Comp. Stats., ch. 196), it is provided, sec. 1, " that no release or waiver of such exemption shall be valid, unless made by deed executed by the husband and wife, with all the formalities required by law for the conveyance of real estate." And by section 6 it is provided that " no conveyance or alienation, by the husband, of any property exempt and set off as aforesaid, shall be valid, unless the wife join in the deed of conveyance." Although the singular number " deed " is employed, there would be no objection to extending it to mean the separate " deeds " of the husband and wife, if it appeared that such was the intention. Comp. Stats., ch. 1, sec. 1. But when the legislature speak of a " deed executed by the husband and wife," and of a " wife joining in the deed of conveyance," they must be understood as meaning such conveyance as the wife might lawfully make, by law and usage, at the time of the enactment of the homestead act;—and how far she could convey real estate by her separate deed we have just seen. In *Gordon* v. *Haywood, supra,* Judge WOODBURY remarks that the reason why the husband and wife join in a deed " is not that their respective interests might not as well pass in separate deeds, but that the assent of the husband to her conveyance may appear upon the face of it, and also, perhaps, that he may appear to have been present to protect her from imposition, or undue influence. Thus, where his assent is not necessary to the validity of her conveyance, as in the case of dower, she may alone, and in a separate deed, and at a separate time, convey her right of dower ; "—see, also, 2 Kent's Com. 152. There is nothing in the act of 1851 in relation to homesteads, or in any subsequent

statutes, that shows any intention of the legislature that a married woman might release her right of homestead by her separate deed. Indeed, the language used implies that a release of homestead, to be valid, must be by the joint deed of husband and wife ; and provision is made, in case of the death of the wife, and there be minor children, that the consent of the judge of probate shall be endorsed on the deed executed by the husband. It is difficult to see why such consent should be endorsed on the deed executed by the husband in case of the death of the wife, when she, if living, might release by her separate deed. Again: the natural construction of the language of the 6th section,—" unless the wife join in the deed of conveyance,"—is that she join in the same deed he executes, and not by her separate deed. But, aside from this, there is nothing in the act which shows that the legislature, in providing that the wife might join in the deed of conveyance, by her husband, of the homestead, intended that any different construction should be given to such provision than what the law, as it had been in force in this state up to that time, would permit her to do.

From these views, it follows that the plaintiff never released her homestead, in the premises set out in her bill, by any valid deed. Unless, therefore, the defendant obtains leave to answer, the bill must be taken *pro confesso*.

CUSHING, C. J. The portion of the statute, which, according to my understanding, is to govern this matter, is as follows : " and no release or waiver of such exemption shall be valid, unless made by deed executed by the husband and wife, with all the formalities required by law for the conveyance of real estate." Comp. Stats. 474, sec. 1. In the very teeth of this statute we are asked to hold that the homestead here has been released by the separate deeds of the husband and wife, executed during the life of the husband.

The policy of the law has wisely provided that this most important right, this *tabula e naufragio*, this last plank from the shipwreck, shall not be lost, unless the husband and wife lose their hold of it at the same time, and by the same act. In some way, it is not material to us to inquire how, the wife has been induced to execute this deed alone ; probably because the husband then refused to join in it. And it is proposed that, the first time a matter of this kind is brought to the notice of the court, the law should be judicially repealed. Why ? I am not able to see any reason for doing so, and I therefore think that the homestead of the plaintiff is not released.

LADD, J. The separate deed of the husband, and the separate deed of the wife, are alike ineffectual to pass the homestead right. By the plain terms of the statute, neither can have any effect upon it. It seems to follow that the separate deeds of both must be equally ineffectual. The statute created a new and somewhat peculiar estate,—an inchoate right in which the wife and minor children, as well as the husband, have an interest. It provides the exact mode in which that right may

be released or conveyed.  In case the wife be dead, and there are
minor children, a deed of the father is of no force without the consent
of the judge of probate.  It was doubtless thought necessary to guard
thus carefully the mode of conveying away the right, in order to secure
fully the beneficial purposes of the act.  I do not think it is within the
power of the court to hold that any mode of conveyance, different from
that required by the act, is effectual, either by way of estoppel or other-
wise.  Our cases, where it has been held that a release by the wife of
her right of dower, by a separate deed executed subsequently to the
deed of her husband, cannot govern this case, because of the clear and
unequivocal terms of the statute prescribing the only way in which the
homestead right can be conveyed.  Whether the cases in reference to
the release of dower stand upon satisfactory legal grounds, we need not
inquire.

*Case discharged.*