MERRILL *v.* CARR.

A promissory note, given to secure the restoration of stolen property, is void if a part of its consideration is an agreement not to search the house of the thief for the property before the next day, pending negotiations for a settlement of the matter.

ASSUMPSIT. The defendant filed in set-off a note for $50, signed by the plaintiff. Facts found by a referee. The defendant, detecting the plaintiff, one evening, stealing corn and potatoes from the defendant's field, charged him with the previous commission of other similar larcenies, of which the plaintiff claimed to be innocent, but of which he was in fact guilty. The offence was spoken of as a state-prison crime, and the defendant proposed to cause the plaintiff's house to be searched that night for evidence of former larcenies of the defendant's property. The note was then given, not in settlement or payment, but as security for what the plaintiff might have previously taken, and in consideration of the defendant's not causing the plaintiff's house to be searched that night; and they agreed to meet and make a settlement the next day. No settlement has ever been made, and the defendant has brought an action of tort for the property stolen by the plaintiff.

*Wilson*, for the plaintiff.

*Burleigh & Adams*, for the defendant.

BINGHAM, J. When the plaintiff was discovered carrying away the defendant's property, a search of his house for other stolen property was contemplated. A part of the consideration of the note was the defendant's agreement not to search the plaintiff's

house that night.   Issuing a warrant to search a house for stolen property is a proceeding to recover the property and bring the thief to punishment.   G. L., c. 255, ss. 2, 3, 4; Morrison Just. & Sher. 260.   A contract to suppress a criminal prosecution, even for a limited time, is illegal.   The consideration of the note in question was partly the defendant's agreement not to commence criminal proceedings against the plaintiff before the next day.   A note is void if part of the consideration is illegal.   *Hinds* v. *Chamberlin*, 6 N. H. 225, 229, 231; *Forshner* v. *Whitcomb*, 44 N. H. 14.

*Set-off disallowed.*

SMITH, J., did not sit: the others concurred.