STRAFFORD.

---

FARMINGTON NATIONAL BANK *v.* BUZZELL *& a.*

A note signed by husband and wife, apparently as joint principals, is not
binding on the wife if in fact she signed it as surety for her husband,
although the payee supposed she was principal.

Her common-law incapacity to be a surety for him being reënacted by
statute (G L., c. 183, s. 12), she is not estopped to prove that she
signed as surety.

ASSUMPSIT, upon two joint and several promissory notes, made
in 1878, signed by the defendants, and payable to the plaintiffs or
order.    The name of Josie M. F. Buzzell was first upon the notes.
Samuel H. Buzzell and Jacob P. Buzzell were defaulted.    Josie
M. F. Buzzell pleaded that at the time of making the promises
she was and still is the wife of said Samuel H. Buzzell, and that
the promises were made as surety for her husband; and upon the
trial the issue was, whether the defendant, Josie M. F. Buzzell,
signed the notes as surety, or in behalf of her husband, or as prin-
cipal.
    The notes being produced in evidence, and the name of Mrs. B.
appearing as principal and first upon them, the plaintiffs' counsel
contended that she was estopped from showing that she signed the
notes as surety for her husband, or that her promises were an
undertaking in his behalf; but the court ruled otherwise, and
allowed her to introduce evidence tending to show that she was in
fact surety only upon the notes ; and the plaintiffs excepted.    The
plaintiffs requested the court to instruct the jury that if the notes
in suit were presented to the bank by Mrs. B., or her agent, bear-
ing her name as principal, and were accepted by the bank with
the understanding that she was principal, she is to be holden as
principal unless it was made known to the bank that the contract
was really one of suretyship, or for or on account of the husband.
The court declined to give these instructions, and instructed the
jury that if the notes were in fact executed by her as surety, or
for and on account of her husband, she is not liable, although the
plaintiffs did not know these facts, but understood and believed
when the notes were discounted that Mrs. B. signed them as prin-
cipal; and the plaintiffs excepted.    The jury returned a verdict
for the defendants, which the plaintiffs moved to set aside.

*Cochrane* and *A. R. Hatch*, for the plaintiffs.

1. Mrs. Buzzell appears to be the principal on the notes, and
the plaintiffs were ignorant, without fault, of her private agree-
ment with her husband.    The holder of a note has a right to treat
all the makers as principals, unless he has notice of their relation
to one another.    *Nichols* v. *Parsons*, 6 N. H. 32; *Bank* v. *Kent*, 4
N. H. 221; *Davis* v. *Barrington*, 30 N. H. 517; *Bank* v. *Baldwin*,
41 N. H. 434; *Bank* v. *Stowell*, 16 N. H. 61; *Heath* v. *Bank*, 44
N. H. 174; *Sprigg* v. *Bank*, 10 Peters 257—*S. C.*, 14 Peters 201.
2. The restriction in the statute applies to the form of the con-
tract only, or, rather, it is limited to cases in which it appears or is
known that the woman is contracting as surety or guarantor.    It
becomes the cause of the gravest wrong, if, in the absence of all

knowledge on the part of the lender that anything in contravention of the statute is done or intended, the note becomes binding, or otherwise, as the name of the husband happens to be upon it. *Heath* v. *Bank*, 44 N. H. 178.

3. Mrs. Buzzell is in the same position as if she had declared to the bank in so many words that she was principal. As in the case of an infant, the plaintiffs may maintain an action against her for false representation. *Fitts* v. *Hall*, 9 N. H. 441; *Wallace* v. *Morss*, 5 Hill 391. In such an action the damages would be the same as in the present action; and a perfect case of estoppel is made out. The reasons given for a contrary conclusion, in *Burley* v. *Russell*, 10 N. H. 184, have no application to the present case. Big. Est. 345, 448; *Davis* v. *Sanders*, 11 N. H. 261; *Stevens* v. *Dennett*, 51 N. H. 333; 1 Sto. Eq., *s.* 385; 1 Fonb. Eq., Book 1, *c.* 3, *s.* 4; *Towle* v. *Fisher*, 77 N. C. 437; *Stewart* v. *Emerson*, 52 N. H. 301; *Read* v. *Hall*, 57 N. H. 482.

4. The assumption of the defendants that Josie M. F. Buzzell, being a married woman, is incapable of contracting, is not well founded; for the statute gives her power, that is, capacity, to make contracts, and sue and be sued in all matters in law and equity, and upon any contract by her made, or for any wrong by her done, as if she were unmarried. G. L., *c.* 183, *s.* 12. Laws of 1879, *c.* 57, *s.* 27. All her common-law disabilities are taken away. The exception, that no contract as surety, etc., for her husband shall be binding upon her, does not affect her capacity even to make that contract, any more than the capacity of any person to contract is affected by the rule that no contract made without sufficient consideration shall be binding; or by the provision of the statute of frauds, that no action shall be maintained upon certain contracts if not reduced to writing, or that certain contracts of sale are not "valid" unless, etc. (G. L., *c.* 220, *ss.* 14, 15, 16); or by the provision that no deed of real estate shall be valid unless executed with certain formalities. G. L., *c.* 135, *s.* 4. Yet any person may by his conduct be estopped from availing himself of the protection of every one of these laws. The reason therefore of the rule asserted in *Lowell* v. *Daniels*, 2 Gray 161, and in other Massachusetts cases and in some English cases, does not apply under our laws as they now exist; and equally inapplicable is the reason given in *Liverpool Adelphi Loan Association* v. *Fairhurst*, 9 Ex. 422, namely, that it would be necessary to sue the husband with the wife upon her fraudulent representation that she was sole. In one of the English cases, *Wright* v. *Leonard*, 11 Com. Bench (N. S.) 258, it is suggested that a false representation by a woman that she is unmarried is in the nature of a contract—a warranty of a debt. In this view, under our law, the woman would clearly be bound, for the statute does not relieve her from the binding force of a contract or warranty that she is not married or is not surety for her husband.

*Copeland & Edgerly*, for Mrs. Buzzell.

FOSTER, J. The question presented by the case is, Can a wife bind herself as a surety for her husband? It is conceded that at common-law she could not, acting for herself, enter into such a contract. But the common law disability of married women, as judicially interpreted in a former state of society, has been essentially modified by the development of a later and different state of society; and their rights have been enlarged and defined both by adjudication and legislation. In this case it is attempted to hold Mrs. Buzzell personally liable as the surety of her husband on the notes in suit. Whether she received and used the money represented by the notes, is a question which is immaterial in our present inquiry. *Messer* v. *Smyth*, 58 N. H. 298; *Yale* v. *Wheelock*, 109 Mass. 502; *Hall* v. *Butterfield*, 59 N. H. 354; *Bartlett* v. *Bailey*, 59 N. H. 408.

The General Laws (*c.* 183, *s.* 12) provide that a married woman "may make contracts, and sue and be sued in all matters in law and equity, and upon any contract by her made  *  *  *  as if she were unmarried;  *  *  *  provided that no contract or conveyance by a married woman of property held by her in her own right as surety or guarantor for her husband, nor any undertaking by her for him or in his behalf, shall be binding on her." This statute, it is claimed, gives her capacity to make the contract of suretyship for her husband, because it gives her capacity to make other contracts, and that, being qualified to make the contract, she may be estopped to claim the protection of the statute. This reasoning is based on the assumption that all her common-law disabilities as to contracts are removed. But it was evidently the legislative intention to leave her, in cases like the present one, subject to the protection of the common law. The proviso in the statute is, in effect, a reënactment of the common-law disability of a married woman to be a surety for her husband. *Major* v. *Holmes*, 124 Mass. 108.

As Mrs. Buzzell did not possess the legal capacity to make this contract, the plaintiffs, however innocent, cannot enforce it against her. 1 Pars. Notes and Bills, 276, 277. *Burley* v. *Russell*, 10 N. H. 184. Concealment, fraud, or falsehood as to her relation to the contract, cannot confer capacity on her so as to entitle the plaintiffs to an action against her on the contract. *Lowell* v. *Daniels*, 2 Gray 161. For false representations and fraud a party may be subjected to punishment and to damages in a proper form of action, and legal incapacity to make a contract would not necessarily be a bar to the action. *Fitts* v. *Hall*, 9 N. H. 441. At common law a married woman is not estopped by her covenants, and she cannot by her own act enlarge her capacity to bind her separate estate. *Palmer* v. *Cross*, 1 Sm. & M. (Miss.) 48; *Jackson* v. *Vanderheyden*, 17 Johns. 167. Her disqualification as a party to

a contract prevents the application of an estoppel; otherwise it could be said that though she cannot make a contract because of her incapacity, when she attempts to make one by fraud or misrepresentation, legal ability is in some way conferred by estoppel; that is, she is not qualified to make a contract for herself, but is liable on one that she unsuccessfully tries to make. *Keen* v *Coleman*, 39 Penn. St. 299; *Lowell* v. *Daniels*, 2 Gray 161, 169; *Burley* v. *Russell*, 10 N. H. 184.   In cases of torts she may be estopped to deny that her representations are true; but in such cases her legal incapacity to bind herself by contract is not denied or qualified, and is not material as a ground of defence.   Big. Est. 488, 490; *Liverpool Adelphi Loan Association* v. *Fairhurst*, 9 Ex. 422.

Although the acceptor of a bill or the maker of a note is estopped to say that the drawer and payee, or indorser, is an infant or a married woman, it does not follow that the infant or the married woman would be estopped to plead their incapacity.   The maker of a negotiable note warrants that the payee has authority and capacity to transfer the title by indorsement; and if the payee happens to be a married woman, he makes the same warranty as to her capacity; but her disability to make a contract is not his disability to make the warranty.   Therefore, in an action on the note, while he would be bound by his warranty of her capacity to make the indorsement, she would not be bound, because at common law she is not a competent party to the contract.   Sto. Prom. Notes, *s.* 87; Byles Bills 64; *George* v. *Cutting*, 46 N. H. 130; *Drayton* v. *Dale*, 2 B. & C. 293; *Taylor* v. *Croker*, 4 Esp. 187.

*Judgment on the verdict.*

CLARK, J., did not sit: the others concurred.