FARMINGTON SAVINGS BANK *v.* BUZZELL & *a.*

Authority given by a married woman to her husband to sign her name to notes as surety for his benefit, does not include authority to sign her name as principal maker, and does not estop her from showing want of authority to sign as principal in a particular case.

On the trial of an issue, whether a married woman's signature made by her husband to a note bearing her own and her husband's signatures is that of principal or surety, the understanding of the payee, formed from the unauthorized representations of the husband at the time, is not material.

ASSUMPSIT upon a promissory note purporting to be signed by the defendants, and given to take up an older note signed by two of the defendants.    There was no denial of the signatures under the 46th rule of court.    The defendant Josie M. F. Buzzell, whose name was not upon the older note, pleaded coverture with the defendant Samuel H. Buzzell, and that the promise was made in his behalf and as surety.    Replication, denying that the promise was made as alleged, and issue upon that.    The testimony tended to support the plea.    The signature of Josie was written by her husband without her knowledge.    Several years before, she gave her husband authority to sign her name to his notes as surety and for his benefit.    She was requested by the plaintiffs to pay the note.    At first she denied that she gave her husband permission to sign her name, but being reminded that she had given him authority before, she claimed that the liability, if any, was only as surety. The plaintiffs threatening to prosecute her husband for forgery, she promised to pay if the bank would not prosecute him.    The plaintiffs claimed that the understanding of the officers of the bank was, that the husband had authority to use her name as principal to the note, and offered to show the representations of the husband upon the subject.    Subject to exception, the evidence was excluded.    The plaintiffs also claimed the right to recover if the signature of Josie was a forgery, and offered to show that such was the fact, but were not permitted.    A verdict for the defendants was taken, subject to the plaintiffs' exception.

*G. E. Cochrane* and *W. L. Foster* (with whom was *G. Marston*), for the plaintiffs.    For the purposes of this case (the court having excluded the evidence offered by the plaintiffs on that point), it is to be assumed that the signature of Mrs. Buzzell is a forgery.    But a person may ratify a forged signature to a note, even though such person has received no benefit therefrom.    And a subsequent ratification may be valid, although the principal was not aware of the fraudulent transaction till after it took place, and after an

action had been commenced on the contract. Leake Cont. 279; *Ancona* v. *Marks*, 7 H. & N. 686; *Forsyth* v. *Day*, 46 Me. 176, 194, 195; *Casco Bank* v. *Keene*, 53 Me. 103; *Union Bank* v. *Middlebrook*, 33 Conn. 95; *Greenfield Bank* v. *Crafts*, 4 Allen 447; *Howard* v. *Duncan*, 3 Lans. 174; *Livings* v. *Wiler*, 32 Ill. 387; *Hefner* v. *Vandolah*, 62 Ill. 483; *Fitzpatrick* v. *School Commissioners*, 7 Humph. 224; *Pearsoll* v. *Chapin*, 44 Pa. St.; *Negley* v. *Lindsay*, 67 Pa. St. 217; *Ashpitel* v. *Bryan*, 3 B. & S. 492; *Wilkinson* v. *Stoney*, 1 Jebb & S. 509. Has Mrs. Buzzell ratified the forged signature? The signatures of all instruments declared on will be considered as admitted at the first term unless the defendant give notice upon the docket, within the first four days of the term, that they are disputed. Rule of court 46. By failure to give such notice, Mrs. Buzzell admitted the genuineness of the signature, and ratified the unauthorized act of her husband in signing her name. It is sometimes said the language or conduct indicating ratification must be such as to evince an intention to pay the note. Such intention would ordinarily be implied from the evidence of ratification, but the intention is certainly immaterial if the absence of it would enable a party to commit a fraud.

Mrs. Buzzell's ratification was not merely an admission by pleading (which perhaps would not bind her), but it was an admission that the signature was what, from its position on the note, it purported to be—the signature of a principal. Her admission precludes her from asserting, by her pleas, that she signed the notes (through her husband's agency) as surety for her husband. Upon such a statement she might well have denied her signature generally, for her signature, being placed on the note apparently as that of a principal, it was not her signature in fact, because it was not the signature which alone she had authorized. She has not only recognized the validity of the signature by declining to plead the general issue, as she might properly have done if she would claim that it was unauthorized, but she has admitted it under the rule of court. And this admission is a ratification of the signature to all intents, effects, and purposes indicated by it. She cannot make the limitation attempted by her special pleading and her evidence. She must either repudiate or accept the act of the party who placed her name on the note. Her ratification must be entire and not partial. Story Agency, s. 250; 1 Wait Act. & Def. 233; *Wilson* v. *Poulter*, 2 Str. 859; *Hovil* v. *Pack*, 7 East 164; *Newell* v. *Hurlburt*, 2 Vt. 351; *Southern Express Co.* v. *Palmer*, 48 Ga. 85; *Widner* v. *Lane*, 14 Mich. 124; *Henderson* v. *Cummings*, 44 Ill. 325; *Cochran* v. *Chitwood*, 59 Ill. 53; *Krider* v. *Western College*, 31 Iowa 547; *Menkens* v. *Watson*, 27 Mo. 163; *Corning* v. *Southland*, 3 Hill, N. Y., 552; *Coleman* v. *Stark*, 1 Oregon 115. And a ratification once deliberately made, upon full knowledge of all the material circumstances, becomes, *eo instante*, obligatory, and cannot afterwards be revoked or recalled. Story Agency, ss. 242,

250 ; Russ. Merc. Ag. 22. Upon the facts stated by Mrs. Buzzell in her pleas, she is not bound at all. The note declared on is not her note. But upon the record, she has conclusively admitted that it is her note—her note as it purports to be—the note of a principal contractor. Her qualified ratification being inconsistent with, cannot control, the admitted fact. And although, but for her admission, she might not be estopped to deny the existence of a contract forbidden by the law, she is estopped to assert that she did not authorize her husband to do an act and make a contract not forbidden by the law, namely, to bind herself as a principal. Her ratification by act of record relates back to the time of the acceptance of the note by the bank, and whatever may have been the secret understanding between herself and her husband, *quoad* the bank the contract evidenced by the note is not a contract by Mrs. Buzzell as surety, nor in behalf of her husband. She cannot shield herself from responsibility by asserting a private understanding between herself and her husband. To permit this would be to place it in her power to defraud the bank. Although capacity to contract cannot be conferred by estoppel in contradiction of a statutory enactment, a party is estopped to allege his own fraud; and she is none the less governed by the principles of an estoppel of this nature because she is a married woman, "for neither infants nor *femes covert* are privileged to practice deceptions or cheats on other innocent persons." 1 Story Eq. Jur., *s* 385 ; Bigelow Est. 428, *n.* 3 ; *Read* v. *Hall*, 57 N. H. 482 ; *Bickford* v. *Dane*, 58 N. H. 185. Notwithstanding the acts of *femes covert, in pais,* are frequently void, this does not impair the conclusive force of judgments to which they are parties ; and if they be not reversed, their effects cannot be gainsaid when they are enforced by ultimate process, or where they are brought to bear on their rights in any future controversy. *Howard* v. *North*, 5 Tex. 290. Having, by failure to deny her signature, ratified the same as that of a principal, Mrs. Buzzell is estopped by the record, which is in the nature and has the effect of a judgment, and having been obtained without fraud, it is conclusive against her. She claimed no exemption nor relief from the operation of the rule. While such judgment of record remains unreversed, she cannot allege her disability. *Baxter* v. *Dear*, 24 Tex. 17 ; *Spalding* v. *Wathen*, 7 Bush. 659 ; *Hartman* v. *Ogborn*, 54 Pa. St. 120 ; *Green* v. *Branton*, 1 Dev. Eq. 500 ; *Van Metre* v. *Wolf*, 27 Iowa 321 ; *Gambette* v. *Brock*, 41 Cal. 78. But what was, in fact, the authority of her husband, which by her own evidence Mrs. Buzzell confesses ? It was an authority to sign notes in her name. This was a general authority as to all notes, and the principal in such case is bound, although the agent violates private instructions and directions limiting or qualifying the exercise of the authority. Story Agency, *s.* 126. And still another elementary principle of law may be applied for the protection of the plaintiffs. If Mrs. Buzzell is an innocent

party to this transaction, the rule applies which imposes the loss upon that party who has put it in the power of another to practise a fraud upon the bank.    Story Agency, ss. 127, 139; 1 Story Eq. Jur., ss. 384–394; *Fitzherbert* v. *Mather*, 1 T. R. 12, 16.

*Copeland & Edgerly*, for the defendants.    The evidence offered by the plaintiffs to show what the understanding of the officers of the bank was as to who was principal on the note in controversy was properly excluded, as it was immaterial what their understanding was.    *Bank* v. *Buzzell*, 60 N. H. 189.    The evidence, offered to show that defendant Josie's signature was in fact a forgery, was properly excluded; and the position of the plaintiffs, that, if the jury should so find, they would be entitled to a verdict, is too absurd to be argued.    The plaintiffs bring this action against the defendant Josie upon her promise to pay them nine hundred dollars; and she replies that the promise the plaintiffs have declared upon was made in behalf of her husband; and the plaintiffs say, in reply to her plea, that said promise was not made in behalf of her husband as she has pleaded.    Under this issue, they want to be permitted to show that her plea is erroneous because she never made any promise, and then ask the court to order judgment in their favor, if they succeed in satisfying the jury that the contract upon which they base their action is entirely void.    As well might the state be allowed to show, upon the trial of a complaint for assault or any other offence, where the defendant admitted the assault and claimed that it was made in self-defence, that no assault was committed, and ask that the defendant be convicted if they satisfied the jury that he never assaulted any one as charged.

The defendant admitted that she signed the note in suit by the hand of her husband, and she testified that she gave him authority to sign her name to his notes to help him in his business.    It mattered not whether the signature was written with the defendant Josie's own hand or by the hand of her husband, if such signature was previously authorized or subsequently adopted.    An act wholly unauthorized may be made valid by subsequent ratification.    *Forsyth* v. *Day*, 46 Me. 176; *Casco Bank* v. *Keene*, 53 Me. 103; *Culver* v. *Ashley*, 19 Pick. 300; *Bank* v. *Crafts*, 4 Allen 447; *Bank* v. *Middlebrook*, 33 Conn. 95; *Bank* v. *Warren*, 15 N. Y. 577; *Livings* v. *Wiler*, 32 Ill. 387; Story Agency, ss. 239, 253; *Corser* v. *Paul*, 41 N. H. 30; *Bartlett* v. *Drake*, 100 Mass. 174.    The defendant Josie could have ratified her signature to the note even if no previous authority had been given to her husband to sign her name, but the ratification of such signature could not make the contract any more binding upon her than if she signed it with her own hand.    We apprehend that it would be perfectly competent for a person, who had ratified his unauthorized signature to a note, to defend on the ground of want or failure of consideration, or to

interpose any other defence that would have been open to him if the signature had been written with his own hand.

ALLEN, J. Special authority given by the defendant Josie Buzzell to her husband to sign her name to notes as surety for his benefit was not a general authority to sign for and bind her as principal. *Whitehouse* v. *Hanson*, 42 N. H. 9. The act of the husband in signing his wife's name, so as to make it appear that she was bound as principal maker upon the note, was a usurpation of power which she had not conferred; and the contract of agency, which was special, and limited to an authority to sign as surety only, could not be enlarged in that way. There was no evidence that the defendant advertised or held out her husband as an agent to bind her beyond the authority she gave. If, on the face of the note expressed to be joint and several, her signature appeared to be that of principal instead of surety, there was no evidence of a ratification of the unauthorized act of the husband on her part. If a failure to deny the signature under a rule of court operated as an admission of its genuineness, and estopped her from denying it, the admission and estoppel could not be made to go beyond that fact, and did not preclude her from making any other available defence, nor from proving the plea that her promise was that of surety merely. Her verbal admission of the authority of her husband to sign the note was coupled with the protest that it was only a signing as surety, and ratified nothing not before authorized. Her promise to pay, made under a threat of a criminal prosecution of her husband, and in consideration of the plaintiffs' forbearing to prosecute, was void, even if it had other consideration. *Merrill* v. *Carr*, 60 N. H. 114. The understanding of the plaintiffs at the time the note was signed, derived from the unauthorized acts and representations of the husband, and not induced by anything the defendant did, had no bearing upon the question at issue, and was properly excluded. *Bank* v. *Buzzell*, 60 N. H. 189.

The claim of the plaintiffs that the signature of the defendant was a forgery, and that, if it were shown, a recovery could be had against her, has no foundation in reason or in fact. If the signature was not genuine, the defendant made no contract or promise, either as principal or surety. The plaintiffs put their case on the genuineness of the signature, contest the right of the defendant under the rule to deny it, read the note in evidence under the same rule;— they do all this under a special replication that the defendant made the promise as principal and not as surety, and then endeavor to show that she did not make it at all. The plaintiffs cannot be permitted to do this, and it would not help them if they were.

There being no evidence of any ratification by the defendant of her husband's act in signing her name to the note as principal, and all the evidence showing want of authority to sign in any other way than as surety and for the benefit of the husband, she was not

bound by the promise to pay (G. L., *c.* 183, *s.* 12), and the verdict was properly taken in her favor.

*Judgment on the verdict for the defendant Josie Buzzell.*

BLODGETT J., did not sit: the others concurred.