## WILSON *v.* MILLS.

Under the homestead act of 1851 a married woman did not release her homestead in the estate of her husband by signing his mortgage deed, without witnesses or seal, after its delivery and record.

Representations of a married woman, that a note signed by her husband will be paid in full, do not make her liable for the debt.

WRIT OF ENTRY. A referee reported as follows : On the 15th day of October, 1856, James Whitfield, then the husband of the defendant, Fannie E. Mills, gave to David Wilson a note for $300,

secured by mortgage on the premises described in the writ. After the delivery and record of the mortgage, the defendant signed it without witnesses or seal. David Wilson died April 5, 1872. The plaintiff is a son of David Wilson, and received the note in question at its face value on account of his distributive share, upon the settlement of his father's estate. The plaintiff was requested by the defendant and her husband, James Whitfield, to take the note and allow them to pay in instalments, and was told by the defendant that if he would do so he should have his whole pay and lose nothing; and he was induced by this request and promise to take the note. Whitfield died August 3, 1878, and the premises described in the mortgage were set off to the defendant and her minor children in the settlement of Whitfield's estate as their family homestead.

*J. W. Fellows,* for the plaintiff.

*Burnham & Brown,* for the defendant.

CLARK, J. The defendant did not release her homestead by signing her husband's mortgage, without witnesses or seal, after it was delivered and recorded. Under the act of 1851 no release or waiver of the homestead exemption was valid, "unless made by deed executed by the husband and wife, with all the formalities required by law for the conveyance of real estate." The defendant has a life estate in the premises set off to her as a homestead, as against the plaintiff's mortgage. *Dickinson* v. *McLane,* 57 N. H. 31; *Lake* v. *Page,* 63 N. H. 318. The mortgage note was not signed by the defendant. It was neither her debt nor a contract respecting her property, and being a married woman she could not bind herself by a promise to pay it, either by way of contract or estoppel. *Farmington National Bank* v. *Bussell,* 60 N. H. 189.

*Case discharged.*

BLODGETT, J., did not sit: the others concurred.